Amy Edwards, OSB No. 012492
amy.edwards@stoel.com
Samantha K. Sondag, OSB No. 154244
samantha.sondag@stoel.com
Rachelle D. Collins, OSB No. 214059
rachelle.collins@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR  97205
Telephone:  503.224.3380

Walter Fonseca, OSB No. 136349
wfonseca@ojrc.info
Franz Bruggemeier, OSB No. 163533
fbruggemeier@ojrc.info
Oregon Justice Resource Center
PO Box 5248
Portland, OR  97208
Telephone:  503.944.2270

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| **St. Timothy's Episcopal Church**, by and through **The Diocese of Oregon**, dba **The Episcopal Diocese of Oregon**, an Oregon nonprofit corporation, and **Reverend James Bernard Lindley**, vicar of St. Timothy's Episcopal Church,<br><br>Plaintiffs,<br><br>v.<br><br>**City of Brookings**, an Oregon municipal government,<br><br>Defendant. | Case No.:<br><br>COMPLAINT<br>(RLUIPA, 42 U.S.C. § 2000cc, *et seq*.; U.S. Const. amend. 1, 14; 42 U.S.C. § 1983; Or. Const. art. I, §§ 2, 3, 8)<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

Page  1   -   COMPLAINT

Plaintiffs St. Timothy's Episcopal Church ("St. Timothy's"), a mission church of Plaintiff the Diocese of Oregon, dba The Episcopal Diocese of Oregon, and the Reverend James Bernard Lindley, the vicar of St. Timothy's ("Father Bernie"; collectively, "Plaintiffs"), allege as follows:

## I. INTRODUCTION

1.    Since 1946, parishioners of St. Timothy's have expressed their Christian faith through service to the Brookings community.  Heeding scripture's instruction to care for the sick, they have offered health clinics and administered vaccines.  Consistent with the biblical call to show hospitality to strangers, they have opened their doors to those in need of showers, Internet access, and assistance seeking social services.  And they have long observed the direction to feed the hungry, creating space for a food bank and offering free meals to their neighbors.

2.    Plaintiffs' commitment to living their faith is well known to Defendant the City of Brookings ("the City").  Indeed, the City has promoted Plaintiffs' meal service to Brookings residents and relied on St. Timothy's to assist houseless community members.

3.    The need for services in Brookings only grew during the COVID-19 pandemic. As always, Plaintiffs, as an expression and practice of their faith, heeded the call.  When nearly every other church in the area suspended their free meal services, St. Timothy's grew its program.  When COVID-19 testing and vaccination proved challenging to find in Brookings, St. Timothy's worked at the direction of the Oregon Health Authority to provide both.  And when the City asked St. Timothy's to offer its parking lot to residents who needed a safe and legal place to sleep in their vehicles, St. Timothy's agreed.

4.    The City's approach changed in April 2021 after the Brookings City Council received a petition from a handful of citizens chastising "the congregation of vagrants or undesirables" at St. Timothy's.  Rather than create or expand social services for Brookings

Page 2    -    COMPLAINT

residents in need, the City took steps to remove their last safety net, beginning a campaign to force St. Timothy's to significantly reduce the services that it has offered on its premises for decades.

5.      The City suddenly claimed that St. Timothy's long-established use of its property—which is, by the City's own Land Development Code, a lawful nonconforming use— did not comply with the City's zoning laws.  And when Plaintiffs did not accept the City's suggestion that they stop engaging in Christian acts of service for the Brookings community, the City decided to rewrite the laws in an effort to force them to do so.

6.      The City adopted an ordinance that, for the first time, required all area churches to apply for a conditional use permit to offer "benevolent meal service," and conditioned provision of the permit on the churches' agreement to serve no more than two meals per week.

7.      St. Timothy's will not agree to limit its meal service, which is a critical expression of congregants' Christian faith, to comply with the City's targeted restrictions.  Accordingly, St. Timothy's has been unable to apply for the permit.  The City has stated that it will begin enforcing the permit requirement on January 26, 2022.

8.      As alleged herein, the City's actions violate the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, *et seq*., and have infringed and threaten to infringe Plaintiffs' state and federal constitutional rights to free religious exercise and free speech.

## II.  PARTIES

9.      Plaintiff the Diocese of Oregon, dba The Episcopal Diocese of Oregon, is an Oregon nonprofit corporation with its principal place of business in Portland, Oregon.

113842563.10 0076396-00001

10.    Plaintiff St. Timothy's is a mission church of The Episcopal Diocese of Oregon located in and serving the community of Brookings, Oregon.

11.    Father Bernie is the vicar of St. Timothy's and resides in Brookings, Oregon.

12.    Defendant the City of Brookings is a municipal government located within Curry County, Oregon.

### III.  JURISDICTION

13.    This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the claims arise under the Constitution and laws of the United States.  The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

14.    This Court is the proper venue for this matter pursuant to 28 U.S.C. § 1391(b)(1) & (2) because the City resides in, and the events giving rise to the claims occurred in, this judicial district.

### IV.  GENERAL ALLEGATIONS

**A.    Plaintiffs Have Practiced Their Religious Beliefs in Brookings for Decades.**

15.    St. Timothy's has operated as a place of worship in Brookings continuously since 1946, five years before the City was incorporated in 1951.  At all times, it has been located and owned the property at 401 Fir Street, Brookings, Oregon 97415, which is referred to herein as St. Timothy's "property" or "premises."

16.    The Episcopal Church is a denomination of Protestant Christianity.  Feeding the hungry, caring for the sick, and sheltering the houseless are fundamental beliefs.  A Bible passage from the Gospel of Matthew that is key to Plaintiffs' faith states:

> "For I was hungry, and you fed me.  I was thirsty, and you gave me a drink. I was a stranger, and you invited me into your home.  I was naked, and you gave me clothing.  I was sick, and you cared for me.  I was in prison, and you visited me."  Then these righteous

> ones will reply, "Lord, when did we ever see you hungry and feed
> you?  Or thirsty and give you something to drink?  Or a stranger
> and show you hospitality?  Or naked and give you clothing?  When
> did we ever see you sick or in prison and visit you?"  And the King
> will say, "I tell you the truth, when you did it to one of the least of
> these my brothers and sisters, you were doing it to me!"

Matthew 25:35-45.

17.     The Bible also commands the faithful to attend to the needs of those who lack

daily food (James 2:14-17), "to share [their] bread with the hungry" (Isaiah 58:6-7), and to feed

the members of their community in need, instead of turning them away (Mathew 14:14-21).

18.     Plaintiffs' faith, which is grounded in the practices and teaching of the early

apostles of Jesus of Nazareth, compels them to seek and serve Christ in all people by loving

others.  Plaintiffs believe that this love is expressed concretely in generous hospitality that

withholds judgment while seeking to serve those in need.  That is the foundation of their need to

feed the hungry, clothe the naked, and to provide medical and other material support to affirm

our common humanity.  In their Baptismal Covenant, they have promised to "strive for peace

and justice among all people, and to respect the dignity of every human being."

19.     Plaintiffs are, and at all times have been, firmly committed to these sincerely held

religious beliefs.

20.     In or around 1985, in furtherance of its core religious mission, St. Timothy's

opened a food bank on its premises.  In or around 2009, St. Timothy's began offering free

lunchtime meals.  By early 2020, St. Timothy's offered these meals on Saturday, Sunday,

Tuesday, and every other Monday.  On information and belief, the majority of those who attend

St. Timothy's lunch service have lived in Brookings for five or more years.  Many are fixed-

income seniors and people experiencing houselessness.  Between three and 10 volunteers serve

each meal.  Approximately one-fourth of the volunteers are parishioners of St. Timothy's and the rest are community members who wish to express their faith through St. Timothy's meal service.

21.    In early 2020, several other Brookings-area churches were also hosting free meal services.  They included Trinity Lutheran Church, Catholic Star of the Sea Catholic Church, Brookings Presbyterian Church, and the United Methodist Church (located across the border in Smith River, California).[1]  The churches, including St. Timothy's, often coordinated their meal programs to ensure that community members had access to at least one meal nearly every day of the week.  That coordination often resulted in Plaintiffs serving three or more meals per week to ensure such community access to food.

22.    The City has promoted the free meals that these churches provide as social services for Brookings residents.  The City website's "Resource Directory" lists "Brookings Harbor Community Kitchen" as an "Emergency Service," linking to an (outdated) schedule of meals served at different churches throughout Brookings.[2]  The contact phone number— (541) 469-3314—is St. Timothy's phone number.

**B.    Plaintiffs Continued to Abide by Their Sincerely Held Religious Beliefs Throughout the COVID-19 Pandemic.**

23.    When the COVID-19 pandemic began in March 2020, nearly all churches except St. Timothy's suspended operation of their meal programs.  As a result of the closures, access to free meals fell dramatically at a time when the need for such services reached unprecedented

---

[1] The Methodist Church has and currently does use St. Timothy's space to provide its meals.

[2] *See* https://www.brookings.or.us/BusinessDirectoryii.aspx?ysnShowAll=0&lngNewPage=0&txtLetter=&txtZipCode=&txtCity=&txtState=&txtBusinessName=&lngBusinessCategoryID=43&txtCustomField1=&txtCustomField2=&txtCustomField3=&txtCustomField4=&txtAreaCode= (last visited Jan. 27, 2022).

Page 6    -    COMPLAINT

levels.  In response to the closures and the pandemic's economic impact on Brookings community members, and consistent with their core religious beliefs, Plaintiffs began offering free lunchtime meals at St. Timothy's six days per week, serving up to 70 people while open. On information and belief, the share of people experiencing houselessness utilizing these lunchtime meals increased dramatically during the pandemic, from approximately 30 percent pre-pandemic to more than 50 percent.

24.     The City recognized that the pandemic had created a crisis for Brookings residents experiencing houselessness.  On April 13, 2020, the City Council adopted Temporary Emergency Rule 2020-1 ("Rule 2020-1"), which allowed churches, synagogues, and other religious institutions to apply for permits to offer overnight parking space to individuals living in their cars, allowing up to three vehicles per institution.  Rule 2020-1 required that these religious institutions provide the vehicle residents "access to sanitary facilities, including but not limited to toilet, hand washing and trash disposal facilities."

25.     The City's Public Works and Development Services Director approached Father Bernie shortly after Rule 2020-1 was adopted and requested that St. Timothy's apply for a permit.[3]  Father Bernie, exercising Plaintiffs' belief in sheltering the houseless, applied on the spot.  St. Timothy's was the only applicant for a Rule 2020-1 permit.

---

[3] The City's request was consistent with its historical treatment of St. Timothy's as a resource for Brookings residents in need.  For example, in March 2021, a City employee moved the tent of a disabled, houseless resident from nearby Azalea Park to St. Timothy's property, expecting St. Timothy's to provide the resident with care.  The City employee consulted neither St. Timothy's nor the owner of the tent, who was on a call at the church.  From 2010 through 2014, St. Timothy's operated a health clinic for the uninsured with the City's approval and has continued to provide flu vaccines even after the health clinic moved.

Page 7   -   COMPLAINT

26.     Consistent with Rule 2020-1 and the City's request, St. Timothy's hosted two to three vehicles on its premises and offered its facilities to the occupants for more than a year.[4] Those occupants sometimes brought other individuals onto St. Timothy's property, and neighbors occasionally called the Brookings police about the vehicle residents' activities.  At all times, St. Timothy's cooperated with law enforcement.

27.     Throughout the COVID-19 pandemic, the poverty crisis in Brookings continued to grow.  Individuals camped overnight in Azalea Park, which is across the street from St. Timothy's and less than 0.3 miles from Star of the Sea Catholic Church and Brookings Presbyterian Church.

28.     In March 2021, City Manager Janelle Howard reported to the City Council about unsuccessful efforts by the Brookings Homeless Task Force ("BHTF") to secure a Project Turnkey grant, which provides funding to experienced non-profits or governments to convert local motels into emergency housing shelters.  BHTF had been unable to identify a nonprofit with sufficient experience with large grants to apply.  Former Brookings Mayor Jake Pieper sent a letter to BHTF indicating support for a Project Turnkey grant.  The City Council reprimanded Pieper on April 12, 2021, because the letter had not been "authorized by a majority vote of the city council" and "could be interpreted as being representative of a position of the city council in general" in contradiction of the Brookings Municipal Code ("BMC").  Pieper resigned on April 13, 2021.

29.     The City never applied for a Project Turnkey grant.

---

[4] St. Timothy's has long operated a day program on Mondays, Wednesdays, and Fridays during which it offers community members use of shower facilities and assistance with applications for social services.

Page 8    -    COMPLAINT

30.     Meanwhile, on April 9 and 10, 2021, while Rule 2020-1 was still in effect, 30 Brookings residents signed and submitted a "Petition to Remove Homeless from St. Timothy Church" (the "Petition") to the City Council.  The Petition requested that the City "prevent the congregation of vagrants or undesirables at St. Timothy Church."  At least one letter submitted with the Petition focused on individuals sleeping in Azalea Park, not St. Timothy's, but speculated that St. Timothy's was causing the issue because it "hand[ed] out food" and "let transients hang out."

31.     On June 7, 2021, the City held a workshop to discuss the Petition.  A true and correct copy of the City of Brookings Council Workshop Report dated June 7, 2021, is attached as **Exhibit 1.**

32.     Although the Petition appeared to focus on the effects of Rule 2020-1, the first two steps that the City elected to explore were "send[ing] an official letter to the Public Health Department inquiring about the operation of an unpermitted commercial kitchen [at St. Timothy's] that serves up to 70 meals while open" and "requir[ing] St. Timothy's to apply for a Minor Change to their existing conditional use permit (MC-1-99) in order to condition the increased use of the property, not otherwise anticipated with a church, located in a residential neighborhood."  The last was to "revisit and potentially rescind temporary rule 2020-1 allowing temporary car camping."  Ex. 1 at 4.

33.     The City allowed Rule 2020-1 to expire on June 30, 2021.  St. Timothy's has hosted no people residing in vehicles on its property since its expiration.

34.     The City Council's meeting minutes reflect that sometime between June 24, 2021, and July 29, 2021, the City contacted the Oregon Health Authority ("OHA") to determine if St. Timothy's was complying with public health regulations.

35.    St. Timothy's has at all times complied with applicable health regulations.

36.    OHA informed the City that St. Timothy's was in compliance with its regulations.

37.    On information and belief, the City did not contact OHA at that time to inquire about any other organization's compliance with public health regulations.

38.    In speaking with OHA, the City claims to have learned that OHA "had already classified [St. Timothy's] as a commercial kitchen" under the agency's rules.  OHA's rules are not part of the City's Land Use Code.

39.    The City then sent a letter dated July 29, 2021, to St. Timothy's stating that its religious practice of feeding the hungry, which it had exercised with the City's approval, and even promotion, for decades, was "not permitted."  The City claimed that St. Timothy's should relocate its "commercial kitchen," not utilize its own premises and effectively requiring relocation of the meal service, or limit "the frequency and volume of potential services."  A true and correct copy of the letter dated July 29, 2021, is attached as **Exhibit 2** to the Complaint.

40.    The City sent similar letters to four other churches in Brookings.  Upon information and belief, the City did not send letters to any secular organizations or institutions.

41.    Plaintiffs did not adhere to the suggestions in the City's letter and continued to offer lunchtime meals.  By this time, St. Timothy's was serving meals four days per week, Friday through Monday, rather than six, because other churches had resumed their meal programs.  That is the same schedule to which St. Timothy's adheres today.  In light of the continuing pandemic, meals are offered in takeaway containers that diners can take with them or enjoy outside on church property.

/ / / / /

/ / / / /

**C.   The City Has Prohibited Churches from Offering Free Meals More Than Two Days per Week.**

42.    After St. Timothy's did not voluntarily relocate its lunchtime meal service in response to the City's July 29, 2021, letter, the City changed the municipal code to affirmatively deny Plaintiffs their rights to exercise their religious beliefs.

43.    On or around August 30, 2021, the City proposed revisions to the Brookings Land Development Code, BMC 17.01.010, *et seq.*, to regulate the provision of "benevolent meal services" by "local churches and other non-profits" through land use permitting.  The Council Workshop Report of this date reflects that the City's revisions were focused on St. Timothy's, Star of the Sea Catholic Church, and the Presbyterian Church. A true and correct copy of the City of Brookings Council Workshop Report dated August 30, 2021, is attached as **Exhibit 3** to the Complaint.  The City Council directed the City Planning Commission to finalize the proposed revisions.

44.    At an October 5, 2021, hearing, the Planning Commission staff proposed "revisions to the BMC that would create a method for allowing benevolent meal services **in churches,** in a residential zone, under a Conditional Use Permit." (Emphasis added.)  Those revisions provided that a permit would be required to provide a "benevolent meal service"— defined as "a periodic food service operation that provides food to the public without charge"— "**up to 2 days per week**," up to three hours per day, "between the hours of 9 am and 5 pm." A true and correct copy of the September 23, 2021, Planning Commission Staff Report (the "Report") that was presented at the October 5, 2021, hearing is attached as **Exhibit 4** to the Complaint.

45.    The Report leaves no doubt that the proposed revisions targeted Brookings-area churches.  Although framed permissively, the permit was plainly designed to restrict these

 Page 11   -   COMPLAINT

churches—and St. Timothy's in particular—from engaging in their religious practice of feeding the hungry.

46.    On October 25, 2021, the City Council introduced the proposed revisions to the BMC, presented as Ordinance 21-O-795.  The City Council voted unanimously to adopt Ordinance 21-O-795, which was ultimately enacted as BMC 17.08.020(B), 17.20.040(V), 17.24.040(W), 17.28.040(U), 17.124.050 (the "Ordinance").  The City Council further voted to waive the conditional use permit fees for those who applied within 90 days.  A true and correct copy of the Ordinance, agenda, and meeting minutes from the October 25, 2021, City Council meeting are attached as **Exhibit 5** to the Complaint.

47.    Plaintiffs repeatedly expressed to the City their opposition to the Ordinance, explaining that adoption would impinge on Plaintiffs' rights to practice central tenets of their faith, harming Plaintiffs and causing members of the Brookings community to go hungry.

48.    Since the adoption of the Ordinance, Plaintiffs have continued to serve free lunchtime meals four days per week.

49.    Plaintiffs now face the decision of whether to exercise their core religious beliefs or face enforcement action by the City.  Plaintiffs intend to continue exercising their core religious beliefs and serving meals at St. Timothy's four days per week.

50.    The conditional use permit application requires applicants to affirm that they will comply with the terms of the Ordinance and not serve meals more than two days per week. Plaintiffs do not intend to restrict their religious exercise to two days or fewer per week because the community need is greater than serving meals only twice per week.

51.    On December 13, 2021, the City Council voted to not enforce the Ordinance before January 26, 2022, to align with the conditional use permit fee waiver deadline.  As a

result, Plaintiffs are now threatened with government action if they continue their religious practice of ministering to the poor and hungry on their own property.

52.    Based on the plain language of the Ordinance and the documented motivations of the City, there is a high likelihood that the City will enforce the Ordinance against Plaintiffs.

## V.  CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF
### Violation of the Religious Land Use and Institutionalized Persons Act (RLUIPA)
### (Substantial Burden Claim, 42 U.S.C. § 2000cc, *et seq.*)

53.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 52 as if fully set forth herein.

54.    Section 2(a)(1) of RLUIPA provides that

> [n]o government shall impose or implement a land use regulation in a manner that imposes a substantial burden on the religious exercise of a person, including a religious assembly or institution, unless the government demonstrates that imposition of the burden on that person, assembly, or institution–
>
> > (A) is in furtherance of a compelling government interest; and
> >
> > (B) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc(a)(1).

55.    St. Timothy's is a "religious assembly or institution" under RLUIPA.

56.    The City is a "government" under RLUIPA, 42 U.S.C. § 2000cc-5(4)(A), and is responsible for its ordinances as well as the acts, omissions, and interpretations of its officials, employees, and commissioners.

57.    "Religious exercise" broadly includes "any exercise of religion, whether or not compelled by, or central to, a system of religious belief," and specifies that the "use, building, or conversion of real property for the purpose of religious exercise shall be considered to be

Page 13  -  COMPLAINT

religious exercise of the person or entity that uses or intends to use the property for that purpose."  42 U.S.C. § 2000cc-5(7)(A)-(B).

58.    St. Timothy's use of its property is subject to the land use and zoning regulations contained in the Brookings Land Development Code of the BMC.

59.    Under the BMC, the City may make an "individualized assessment[]" of the Church's land use within the meaning of 42 U.S.C. § 2000cc(a)(2)(C).

60.    The City's Ordinance places significant pressure on Plaintiffs to forgo or significantly limit their religious exercise on St. Timothy's property.

61.    Specifically, the City is using its new land use and zoning regulations, as adopted through the Ordinance, to prohibit Plaintiffs from exercising their religious beliefs of serving the hungry through St. Timothy's meal program more than two days per week.

62.    Plaintiffs believe that God and scripture have directed them to continue serving their community by offering St. Timothy's meal program more than two days per week to ensure that people in need can have access to at least one hot, nutritious meal every day of the week.

63.    The City's land use and zoning regulations, as adopted through the Ordinance, deny and restrict, and will deny and restrict, Plaintiffs' religious use of St. Timothy's property, is not supported by a compelling government interest, and is not the least restrictive means of furthering any compelling governmental interest.

64.    Accordingly, the City has imposed an unlawful substantial burden on Plaintiffs' religious exercise in violation of RLUIPA, 42 U.S.C. § 2000cc(a).

65.    As a direct result of the City's violation of Plaintiffs' rights, Plaintiffs are suffering and will suffer harm for which there is no adequate remedy at law.

/ / / / /

66.     Furthermore, as a direct result of the City's violation of Plaintiffs' rights as alleged above, Plaintiffs are entitled to declaratory relief that the Ordinance and the City's actions limiting St. Timothy's meal service to two days per week violate their rights protected under RLUIPA, to equitable relief, and to recover their costs and attorney fees.

### SECOND CLAIM FOR RELIEF
### Violation of the Right to Freedom of Religious Exercise
### First and Fourteenth Amendments to the U.S. Constitution
### (42 U.S.C. § 1983)

67.     Plaintiffs reallege and incorporate by reference paragraphs 1 through 66 as if fully set forth herein.

68.     The City's actions violate Plaintiffs' civil and constitutional rights under the First Amendment as incorporated by the Fourteenth Amendment to the United States Constitution.

69.     The First Amendment provides that no law shall prohibit the free exercise of religion.

70.     As alleged throughout, Plaintiffs have engaged in protected First and Fourteenth Amendment conduct.  Specifically, Plaintiffs have engaged in their ministry of providing free meals to members of the community.

71.     The City, by adopting the Ordinance, has targeted Plaintiffs from engaging in a core religious practice and thus violated their First Amendment right under the Free Exercise Clause by limiting and impeding Plaintiffs' ability to use their own property to feed the hungry, as prescribed by Christian scripture.

72.     Specifically, the Ordinance, as applied to Plaintiffs, is invalid because it targets and substantially burdens Plaintiffs' free exercise by limiting their religious practice of feeding the hungry to no more than twice per week if St. Timothy's applies for a conditional use permit.

113842563.10 0076396-00001

The Ordinance is neither supported by a compelling governmental interest nor is it narrowly tailored.

73.    Plaintiffs are entitled to declaratory relief that the Ordinance and the City's actions limiting St. Timothy's meal service to two days per week violate their right to free exercise as well as equitable relief and recovery of their costs and attorney fees.

**THIRD CLAIM FOR RELIEF**
**Violation of the Right to Freedom of Speech and Association**
**First and Fourteenth Amendments to the U.S. Constitution**
**(42 U.S.C. § 1983)**

74.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 73 as if fully set forth herein.

75.    As alleged throughout, Plaintiffs have engaged in protected First Amendment conduct.  Specifically, Plaintiffs have engaged in their ministry of providing free meals to members of the community while speaking and expressing the values of Christian scripture when they operate St. Timothy's meal program.  The City's regulations act to specifically target Plaintiffs to prevent them from engaging in that protected expression, conduct, and association.

76.    The Ordinance, as applied, violates Plaintiffs' rights to free speech and expression guaranteed by the First and Fourteenth Amendments because it prevents them from expressing their Christian faith through the meal program, and from offering Christian fellowship to diners who attend, more than two days per week.

77.    The Ordinance is also, on its face, an overbroad and vague unconstitutional prior restraint of expression and conduct that violates the right to free speech and association under the First and Fourteenth Amendments to the United States Constitution

113842563.10 0076396-00001

78.    The Ordinance does not represent a reasonable time, place, and manner restriction, and denies Plaintiffs and others their rights to gather and to communicate their message.

79.    On its face, the Ordinance is both overbroad and vague in that it reaches constitutionally protected speech, conduct, and association and fails to define key terms and phrases.

80.    Plaintiffs are entitled to declaratory relief that the Ordinance and the City's actions limiting St. Timothy's meal service to two days per week violate their right to free speech and association as well as equitable relief and recovery of their costs and attorney fees.

**FOURTH CLAIM FOR RELIEF**
**Violation of the Right to Due Process**
**Fourteenth Amendment to the U.S. Constitution**
**(42 U.S.C. § 1983)**

81.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 80 as if fully set forth herein.

82.    The Ordinance is unconstitutionally overbroad and vague on its face and as applied to Plaintiffs in violation of the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution because its regulation of sharing food in residential areas fails to provide adequate notice of prohibited conduct and authorizes and encourages arbitrary enforcement.

83.    The Ordinance is unconstitutionally vague on its face and as applied to Plaintiffs because it fails to provide clear and definite standards for enforcement.  The term "benevolent meal service" is ill-defined, vague, and overbroad.  The terms "periodic" and to "the public without charge" are undefined, vague, and overbroad.

84.    Plaintiffs are entitled to declaratory relief that the Ordinance violates their right to due process as well as equitable relief and recovery of their costs and attorney fees.

113842563.10 0076396-00001

**FIFTH CLAIM FOR RELIEF**
**Violation of the Oregon State Constitutional Right to Free Religious Opinion, Conscience, and Assembly**
**(Or. Const. art. I, §§ 2 and 3)**

85.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 84.

86.    Plaintiffs have been engaged in conduct protected by Article I, section 3 of the Oregon Constitution, which provides that "[n]o law shall in any case whatever control the free exercise, and enjoyment of religious opinions, or interfere with the rights of conscience."

87.    Plaintiffs have been engaged in conduct protected by Article I, section 2 of the Oregon Constitution, which provides that all people "shall be secure in the Natural right, to worship Almighty God according to the dictates of their own consciences."

88.    The City, by adopting the Ordinance, targets and substantially burdens Plaintiffs' rights of free exercise, enjoyment, conscience, and assembly by limiting their religious practice of feeding the hungry to no more than twice per week.

89.    As a direct result of the City's violation of rights as alleged above, Plaintiffs are entitled to declaratory relief that the Ordinance and the City's actions limiting St. Timothy's meal service to two days per week violate their right to free exercise as well as equitable relief, and recovery of their costs and attorney fees.

**SIXTH CLAIM FOR RELIEF**
**Violation of the Oregon State Constitutional Right to Free Expression**
**(Or. Const. art. I, § 8)**

90.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 89 as if fully set forth herein.

91.    Plaintiffs have been engaged in conduct protected by Article I, section 8 of the Oregon Constitution, which provides that "[n]o law shall be passed restraining the free

113842563.10 0076396-00001

expression of opinion, or restricting the right to speak, write, or print freely on any subject whatever; but every person shall be responsible for the abuse of this right."

92.    Specifically, Plaintiffs express through deed and action their Christian beliefs to diners when they operate their meal program.

93.    The Ordinance, as applied, targets and substantially burdens Plaintiffs' rights to express their Christian beliefs, and to extend Christian hospitality to diners, by limiting service of St. Timothy's meal program to no more than two days per week if Plaintiffs apply for a conditional use permit.

94.    On its face, the Ordinance is both overbroad and vague, does not represent a reasonable time, place, and manner restriction.

95.    As a direct result of the City's violations of Plaintiffs' rights as alleged above, Plaintiffs are suffering irreparable harm for which there is no adequate remedy at law.

96.    Furthermore, as a direct result of the City's violation of Plaintiffs' rights as alleged above, Plaintiffs are entitled to declaratory relief that the Ordinance and the City's actions limiting St. Timothy's meal service to two days per week violate their right to freedom of expression as well as equitable relief and recovery of their costs and attorney fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

1.    A declaration that the Ordinance and the City's actions limiting St. Timothy's meal service to two days per week violate Plaintiffs' rights protected under RLUIPA;

2.    A declaration that the Ordinance as applied to Plaintiffs and the City's actions limiting St. Timothy's meal service to two days per week violate Plaintiffs' right to free exercise protected under the First and Fourteenth Amendments to the United States Constitution;

113842563.10 0076396-00001

3.      A declaration that the Ordinance, on its face and as applied to Plaintiffs, and the City's actions limiting St. Timothy's meal service to two days per week violate Plaintiffs' right to free speech and association protected under the First and Fourteenth Amendments to the United States Constitution;

4.      A declaration that the Ordinance, on its face and as applied to Plaintiffs, is unconstitutionally vague and overbroad and violates Plaintiffs' right to due process protected under the Fourteenth Amendment to the United States Constitution;

5.      A declaration that the Ordinance and the City's actions limiting St. Timothy's meal service to two days per week violate Plaintiffs' rights protected under Article I, sections 2 and 3 of the Oregon Constitution;

6.      A declaration that the Ordinance and the City's actions limiting St. Timothy's meal service to two days per week violate Plaintiffs' rights protected under Article I, section 8 of the Oregon Constitution;

7.      A permanent injunction prohibiting enforcement of the Ordinance against Plaintiffs or otherwise limiting St. Timothy's meal service to two days per week;

8.      A permanent injunction prohibiting enforcement of the Ordinance and the City's actions limiting St. Timothy's provision of meal services;

9.      An award of costs and attorneys' fees, as provided in 42 U.S.C. § 1988, and other provisions of statutory and common law; and

/ / / / /

/ / / / /

/ / / / /

/ / / / /

Page 20   -   COMPLAINT

10.     Any and all other legal or equitable relief that the Court deems equitable and just.

DATED:  January 28, 2022.

STOEL RIVES LLP


_s/ Samantha K. Sondag_
AMY EDWARDS, OSB No. 012492
amy.edwards@stoel.com
SAMANTHA K. SONDAG, OSB No. 154244
samantha.sondag@stoel.com
RACHELLE D. COLLINS, OSB No. 214059
rachelle.collins@stoel.com
Telephone:  503.224.3380


WALTER FONSECA, OSB No. 136349
wfonseca@ojrc.info
FRANZ BRUGGEMEIER, OSB No. 163533
fbruggemeier@ojrc.info
Oregon Justice Resource Center
PO Box 5248
Portland, OR  97208
Telephone:  503.944.2270

Attorneys for Plaintiffs

Page 21  -   COMPLAINT