**Liani J. Reeves, OSB No. 013904**
lreeves@bullardlaw.com
**Ed Choi, OSB No. 135673**
echoi@bullardlaw.com
**Heather Van Meter, OSB No. 983625**
hvanmeter@bullardlaw.com
Bullard Law
200 SW Market Street, Suite 1950
Portland, OR 97201
503-248-1134/Telephone
503-224-8851/Facsimile

Attorneys for Defendant City of Brookings

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## MEDFORD DIVISION

| | |
|---|---|
| **ST. TIMOTHY'S EPISCOPAL CHURCH**, by and through **THE DIOCESE OF OREGON**, dba **THE EPISCOPAL DIOCESE OF OREGON**, an Oregon nonprofit corporation, and **REVEREND JAMES BERNARD LINDLEY**, vicar of St. Timothy's Episcopal Church, | Case No. 1:22-cv-00156-CL |
| | **DEFENDANT CITY OF BROOKINGS ANSWER TO PLAINTIFFS' COMPLAINT AND DEFENSES** |
| Plaintiffs, | |
| v. | |
| **CITY OF BROOKINGS**, an Oregon municipal government, | |
| Defendant. | |

## INTRODUCTION

This case is not about the restriction of religious activity. The City is not

preventing St. Timothy's Episcopal Church ("St. Timothy's"), or any organization, from

providing food or other services to those who have fallen on hard times. The City has

Page 1   DEFENDANT CITY OF BROOKINGS ANSWER TO PLAINTIFF'S COMPLAINT
AND DEFENSES

carefully balanced a number of interests, including keeping the community safe and supporting the organizations who generously provide meals to those who suffer from food insecurity. Prior to passing the ordinance at issue in this lawsuit, the Brookings City Code did not provide any ability for St. Timothy's to *lawfully* provide benevolent meal services in *residential* areas. Recognizing that St. Timothy's and other entities were providing such benevolent meal services in the residential areas where they were located, the City passed an ordinance that allowed them to continue providing those services lawfully up to two days a week in residential areas. In addition, St. Timothy's has always had the ability and continues to have the ability to provide benevolent meal services, *without restriction*, anywhere in the City designated as a commercial zone. What this case is really about, is St. Timothy's belief that they are beyond the reach of any regulation that may impact when, where, or how they engage in their activities. Their position that none of their actions in a residential zone can be regulated is legally incorrect.

For its answer to Plaintiff's Complaint, Defendant City of Brookings ("Defendant" or "City") admits, denies, and alleges as follows:

## I. INTRODUCTION

1.    In response to Paragraph 1 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

2.    In response to Paragraph 2 of the Complaint, Defendant admits that St. Timothy's is a church operating in the City of Brookings. The City provides information on resources available to City residents when requested, including about

services at St. Timothy's when applicable. Unless expressly admitted, Defendant denies the remaining allegations in Paragraph 2 of the Complaint.

3.      In response to Paragraph 3 of the Complaint, Defendant admits that the COVID-19 pandemic created hardships for the Brookings community. Upon information and belief, all churches ceased meal services for some period of the pandemic due to various orders and the uncertainty of the pandemic. Several churches, including St. Timothy's, resumed various forms of meal services. Defendant further admits that it is aware that St. Timothy's provided COVID-19 testing and vaccinations. After City Council passed a temporary emergency rule to temporarily allow churches, synagogues and similar religious institutions to offer overnight camping space on institution property to homeless persons living in vehicles, the City provided St. Timothy's an application because St. Timothy's was already allowing overnight camping that had previously not been authorized. The temporary rule created an opportunity for St. Timothy's to continue this practice lawfully. Unless expressly admitted, Defendant denies the remaining allegations in Paragraph 3 of the Complaint.

4.      In response to Paragraph 4 of the Complaint, Defendant admits that in or around April 2021, the City received a document signed by 30 Brookings residents titled "Petition to Remove Homeless from St. Timothy Church," the contents of which speak for themselves. Unless expressly admitted, Defendant denies the remaining allegations in Paragraph 4 of the Complaint.

5.      In response to Paragraph 5 of the Complaint, Defendant admits that St. Timothy's operates a religious institution under a de facto conditional use permit.

The City notified St. Timothy's that its operation of a restaurant[1] at its premises in a residential zone did not conform with City ordinance and applicable zoning regulations and requested to work with St. Timothy's to ensure that its use of the property complies with residential zoning requirements. The City passed an ordinance that allowed St. Timothy's to lawfully continue to serve meals to the public up to two days a week in residential areas. Unless expressly admitted, Defendant denies the remaining allegations in Paragraph 5 of the Complaint.

6.    In response to Paragraph 6 of the Complaint, Defendant admits that the City adopted an ordinance that added the ability for organizations or individuals providing benevolent meal services to apply for a conditional use permit to lawfully serve meals to the public up to two days per week in residential areas. Unless expressly admitted, Defendant denies the remaining allegations in Paragraph 6 of the Complaint.

7.    In response to Paragraph 7 of the Complaint, Defendant admits that St. Timothy's has expressed its intent to violate the City ordinance. Defendant denies that St. Timothy's is "unable to apply for the permit"; St. Timothy's has chosen not to do so. Defendant admits that the City has stated that they would not enforce the ordinance until after January 26, 2022. Unless expressly admitted, Defendant denies the remaining allegations in Paragraph 7 of the Complaint.

8.    The allegations of Paragraph 8 of the Complaint contain legal conclusions to which no answer is required. To the extent that an answer is required,

---

[1] Under ORS Chapter 624 Food Service Facilities, St. Timothy's operates a "restaurant" as defined in ORS 624.020.

Page 4    DEFENDANT CITY OF BROOKINGS ANSWER TO PLAINTIFF'S COMPLAINT AND DEFENSES

Defendant denies allegations in Paragraph 8.

## II. PARTIES

9.      In response to Paragraph 9 of the Complaint, Defendant admits that the Episcopal Diocese of Oregon is a registered business with the State of Oregon with its principal place of business in Portland, Oregon. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in this Paragraph and therefore denies them.

10.     In response to Paragraph 10 of the Complaint, Defendant admits that St. Timothy's is a church located in Brookings, Oregon. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in this Paragraph and therefore denies them.

11.     Paragraph 11 is admitted.

12.     Paragraph 12 is admitted.

## III. JURISDICTION

13.     The allegations of Paragraph 13 of the Complaint contain legal conclusions to which no answer is required. To the extent that an answer is required, Defendant admits the court has jurisdiction over Plaintiffs' claims arising under federal law.

14.     The allegations of Paragraph 14 of the Complaint contain legal conclusions to which no answer is required. To the extent that an answer is required, Defendant admits venue is proper over Plaintiffs' claims arising under federal law.

///

///

Page 5    DEFENDANT CITY OF BROOKINGS ANSWER TO PLAINTIFF'S COMPLAINT AND DEFENSES

## IV. GENERAL ALLEGATIONS

15.    In response to Paragraph 15 of the Complaint, Defendant admits St. Timothy's is located at 401 Fir Street, Brookings, Oregon, 97415. Defendant further admits that the City was incorporated in 1951. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in this Paragraph and therefore denies them.

16.    In response to Paragraph 16 of the Complaint, Plaintiffs cite passages from the Bible, the contents of which speak for themselves. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in this Paragraph and therefore denies them.

17.    In response to Paragraph 17 of the Complaint, Plaintiffs cite passages from the Bible, the contents of which speak for themselves. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in this Paragraph and therefore denies them.

18.    In response to Paragraph 18 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

19.    In response to Paragraph 19 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

20.    In response to Paragraph 20 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

21.    In response to Paragraph 21 of the Complaint, Defendant admits that, upon information and belief, at various times, St. Timothy's, Trinity Lutheran Church, Star of the Sea Catholic Church, Brookings Presbyterian Church, and the United Methodist Church located in Smith River, California, have provided meal services. In response to Footnote 1, Defendant admits that, upon information and belief, the United Methodist Church has used St. Timothy's space to provide its meals. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

22.    In response to the first sentence of Paragraph 22 of the Complaint, Defendant admits that the City provides information on resources available to City residents when requested, including about services at St. Timothy's when applicable. In response to the second sentence of Paragraph 22 and Footnote 2, Defendant admits the City maintains an online resource directory where businesses and organizations may request to be listed as a resource. Brookings Harbor Community Kitchen is listed as a one of seven resources under "Emergency Services." The contents of the website speak for themselves. Unless expressly admitted, Defendant denies the remaining allegations in Paragraph 22 of the Complaint.

23.    In response to Paragraph 23 of the Complaint, Defendant admits that the COVID-19 pandemic created hardships for the Brookings community. Defendant further admits, upon information and belief, that all churches ceased meal services for some period of the pandemic due to various orders and uncertainty of the pandemic. Several churches, including St. Timothy's, resumed some form of meal services. Defendant lacks knowledge or information sufficient to form a belief as to the

truth of the remainder of the allegations in this Paragraph and therefore denies them.

24.    In response to Paragraph 24 of the Complaint, Defendant admits that the COVID-19 pandemic created hardships and uncertainty for the Brookings community. On March 23, 2020, the City Council declared a state of emergency due to the COVID-19 outbreak. On April 13, 2020, the City adopted Temporary Emergency Rule 2020-1 ("Rule 2020-1") which temporarily allowed "churches, synagogues and similar religious institutions to offer overnight camping space on institution property to homeless persons living in vehicles." The rule limited camping spaces at the institution site to three or fewer vehicles at the same time and to provide campers "access to sanitary facilities, including but limited to toilet, hand washing and trash disposal facilities." Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in this Paragraph and therefore denies them.

25.    In response to Paragraph 25 of the Complaint, Defendant admits that after the City passed Rule 2020-1, the City's Public Works and Development Services Director provided Father Bernie an application because St. Timothy's was already allowing overnight camping on the premises. St. Timothy's application was approved, allowing St. Timothy's to continue their practice of allowing overnight camping lawfully. In response to Footnote 3, Defendant admits that a City employee returned a houseless resident and her belongings to the church after a representative of St. Timothy's moved the resident and her belongings from the church to Azalea Park. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in this Paragraph and therefore denies them.

26.    In response to Paragraph 26 of the Complaint, Defendant admits

that after the City passed Rule 2020-1, upon information and belief, St. Timothy's continued to host at least three vehicles per night on its premises. Defendant further admits that law enforcement has been called to St. Timothy's on numerous occasions. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in this Paragraph, including Footnote 4, and therefore denies them.

27.    In response to Paragraph 27 of the Complaint, Defendant admits that the COVID-19 pandemic created hardships and uncertainty for the Brookings community. Defendant further admits that Azalea Park is located across the street from St. Timothy's and less than 0.3 miles from the Star of the Sea Catholic Church and Brookings Presbyterian Church. Defendant further admits that before and during the COVID-19 pandemic, there may have been individuals sleeping in Azalea Park overnight. Unless expressly admitted, Defendant denies the remaining allegations in Paragraph 27 of the Complaint.

28.    In response to Paragraph 28 of the Complaint, Defendant admits that on or about March 22, 2021, City Manager Janell Howard provided an update on the Brookings Homeless Task Force's ("BHTF") attempt to secure a Project Turnkey grant. At that time, BHTF was not eligible to apply for a grant and was looking for a non-profit/government with experience in large grants and owning building and property management to submit the grant. Former Brookings Mayor Jake Pieper sent a letter to Oregon Community Foundation to give "personal support for Curry Homeless Coalition, in their application for Project Turnkey." On or about April 12, 2021, the City Council had a discussion about Project Turnkey. The minutes reflect: "Council discussed

letter that was sent to the Oregon Community Foundation by Mayor Pieper that could be construed as a letter of support from the City. Councilor Alcorn moved to authorize the Mayor to sign a letter that states, based on the information known to us at this time we do not support Project Turnkey. Schreiber seconded and Council voted. Councilors McKinney, Schreiber and Alcorn voted aye. Mayor Pieper and Councilor Hedenskog voted nay. With a 3 to 2 vote, motion carried." On April 13, 2021, Jake Pieper resigned as mayor. Unless expressly admitted, Defendant denies the remaining allegations in Paragraph 28 of the Complaint.

29.     Paragraph 29 is admitted.

30.     In response to Paragraph 30 of the Complaint, Defendant admits that on or about April 9 and 10, 2021, the City received a document signed by 30 Brookings residents titled "Petition to Remove Homeless from St. Timothy Church," the contents of which speak for themselves. The City also received a letter dated October 10, 2020, the contents of which speak for themselves. At that time, Rule 2020-1 was still in effect. Unless expressly admitted, Defendant denies the remaining allegations in Paragraph 30 of the Complaint.

31.     In response to Paragraph 31 of the Complaint, Defendant admits that the City Council held a workshop on June 7, 2021, to discuss St. Timothy's Episcopal Church change of use, which included discussion of the petition signed by 30 Brookings residents. The contents of Workshop Report dated June 7, 2021 speak for themselves. Unless expressly admitted, Defendant denies the remaining allegations in Paragraph 31 of the Complaint.

32.     In response to Paragraph 32 of the Complaint, at the June 7, 2021

Workshop, the City Council reviewed a Workshop Report from staff, the contents of which speak for themselves. In part, the staff were seeking input from Council on potential future steps to address neighborhood concerns regarding St. Timothy's change in use and need for a minor change to the de facto conditional use permit ("CUP") including: 1. Send an official letter to Public Health Department inquiring about the operation of an unpermitted commercial kitchen[2] that serves up to 70 meals while open; 2. Require St. Timothy's to apply for a Minor Change to their existing conditional use permit (MC-1-99) in order to condition the increased use of the property, not otherwise anticipated with a church, located in a residential neighborhood; and 3. Revise and potentially rescind temporary rule 2020-1 allowing temporary car camping authorized by the City in March 2020. No decisions were made at the June 7, 2021 workshop. Unless expressly admitted, Defendant denies the remaining allegations in Paragraph 32 of the Complaint.

33.     In response to Paragraph 33 of the Complaint, Defendant admits that Rule 2020-1 was limited to the period the City is under the Governor's "Stay Home, Stay Safe" Order for COVID-19. On June 24, 2021, the City notified St. Timothy's that Rule 2020-1 would expire on June 30, 2021. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in this Paragraph and therefore denies them.

34.     In response to Paragraph 34 of the Complaint, Defendant responds that the contents of the City Council meeting minutes speak for themselves. Defendant

---

[2] "Commercial kitchen" and "restaurant" are sometimes used interchangeably.

Page 11   DEFENDANT CITY OF BROOKINGS ANSWER TO PLAINTIFF'S COMPLAINT
               AND DEFENSES

further admits that a representative of Oregon Health Authority ("OHA") which had recently taken over food sanitation requirements from the County, informed the City that OHA had informed St. Timothy's that to continue its meal service, St. Timothy's must be licensed as a full, permanent restaurant. Unless expressly admitted, Defendant denies the remaining allegations in Paragraph 34 of the Complaint.

35.    In response to Paragraph 35 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

36.    In response to Paragraph 36 of the Complaint, Defendant admits that a representative of Oregon Health Authority ("OHA") which had recently taken over food sanitation requirements from the County, informed the City that OHA had informed St. Timothy's that to continue its meal service, St. Timothy's must be licensed as a full, permanent restaurant. Unless expressly admitted, Defendant denies the remaining allegations in Paragraph 36 of the Complaint.

37.    Paragraph 37 is denied.

38.    In response to Paragraph 38 of the Complaint, Defendant admits that the City spoke with representatives of OHA which had recently taken over food sanitation requirements from the County, who informed the City that OHA had informed St. Timothy's that to continue its meal service, St. Timothy's must be licensed as a full, permanent restaurant. Defendant admits that OHA's rules are not part of the City's Land Use Code. Unless expressly admitted, Defendant denies the remaining allegations in Paragraph 38 of the Complaint.

39.    In response to Paragraph 39 of the Complaint, Defendant admits

that on July 29, 2021, the City sent a letter to all organizations known to have been providing benevolent meal services in residential zones, the contents of which speak for themselves. In part, the letter notified St. Timothy's that its operation of a restaurant at its premises in a residential zone did not conform with City ordinance and applicable zoning regulations and requested to work with St. Timothy's to ensure that its use of the property complies with residential zoning requirements. The letter provided several options to avoid potential violations of the Brookings Municipal Code, including relocating its commercial kitchen/restaurant to a zoning district that allows restaurants, cafes, and other food services operations; modifying its operation to one that did not utilize a permanent kitchen facility; or to work with St. Timothy's to establish potential limits on the frequency and volume of potential meal services "to ensure that St. Timothy's use of the property does not constitute a commercial kitchen or restaurant that would not be allowed in the residential zoning district." Unless expressly admitted, Defendant denies the remaining allegations in Paragraph 39 of the Complaint.

40.    In response to Paragraph 40 of the Complaint, Defendant admits that the City sent letters to all organizations known to have been providing benevolent meal services in residential areas, the contents of which speak for themselves. Upon information and belief, the other organizations known to have been providing such services are churches. Unless expressly admitted, Defendant denies the remaining allegations in Paragraph 40 of the Complaint.

41.    In response to Paragraph 41 of the Complaint, Defendant admits that St. Timothy's did not respond to the City's offer to discuss potential options to ensure that its use of the property complies with residential zoning requirements.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in this Paragraph and therefore denies them.

42.    In response to Paragraph 42 of the Complaint, Defendant admits that St. Timothy's did not respond to the City's offer to discuss potential options to ensure that its use of the property complies with residential zoning requirements. Defendant further admits that the City passed an ordinance that allowed for St. Timothy's and other organizations to provide benevolent meal services up to two days a week in residential areas. Defendant denies that the City changed the municipal code to "affirmatively deny Plaintiffs their rights to exercise their religious beliefs." To the contrary, the ordinance actually added the ability to *lawfully* provide meal services. Unless expressly admitted, Defendant denies the remaining allegations in Paragraph 42 of the Complaint.

43.    In response to Paragraph 43 of the Complaint, Defendant admits that on or around August 30, 2021, the City Council considered revisions to the Brookings Land Development Code, BMC Title 17, to add the ability to provide benevolent meal services. The contents of the Council Workshop Report speak for themselves. The City directed the City Planning Commission to finalize the proposed revisions. Unless expressly admitted, Defendant denies the remaining allegations in Paragraph 43 of the Complaint.

44.    In response to Paragraph 44 of the Complaint, Defendant admits that on October 5, 2021, the Brookings Planning Commission presented a staff report, dated September 23, 2021, in response to the Council's request to make revisions to the Brookings Land Development Code to add a definition of "benevolent meal service" and

add benevolent meal service as a conditional use. The contents of the September 23, 2021 staff report speak for themselves. Unless expressly admitted, Defendant denies the remaining allegations in Paragraph 44 of the Complaint.

45.    Paragraph 45 is denied.

46.    Paragraph 46 is admitted.

47.    In response to Paragraph 46 of the Complaint, Defendant admits that Plaintiffs expressed opposition to any attempt by the City to restrict their meal services. St. Timothy's did not respond to the City's offer to discuss potential options to ensure that its use of the property complies with residential zoning requirements. Unless expressly admitted, Defendant denies the remaining allegations in Paragraph 47 of the Complaint.

48.    In response to Paragraph 48 of the Complaint, Defendant admits that Plaintiffs have violated the City's ordinance by continuing to provide benevolent meal services without obtaining a conditional use permit and in violation of the provisions outlining conditional use. Unless expressly admitted, Defendant denies the remaining allegations in Paragraph 48 of the Complaint.

49.    In response to Paragraph 49 of the Complaint, Defendant admits that Plaintiffs have a choice about whether to continue to violate the ordinance or to apply for a conditional use permit in order to lawfully provide benevolent meal services. Defendant further admits that Plaintiffs have stated their intent to continue to violate the ordinance. Unless expressly admitted, Defendant denies the remaining allegations in Paragraph 49 of the Complaint.

50.    In response to Paragraph 50 of the Complaint, Defendant admits

Page 15  DEFENDANT CITY OF BROOKINGS ANSWER TO PLAINTIFF'S COMPLAINT
             AND DEFENSES

that the conditional use application permit requires the applicant to affirm they will comply with the terms of the ordinance, including but not limited to, meal services to the public may occur up to two days per week between the hours of 9am and 5pm and to last more no more than three hours per day. Defendant further admits that Plaintiffs have stated their intent to continue to violate the ordinance. Unless expressly admitted, Defendant denies the remaining allegations in Paragraph 50 of the Complaint.

51.     In response to Paragraph 51 of the Complaint, Defendant admits that on December 13, 2021, the City Council voted to align the date for enforcement of the benevolent meal service ordinance with the conditional use permit fee deadline of January 26, 2022. Defendant further admits that Plaintiffs have stated their intent to continue to violate the ordinance. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in this Paragraph and therefore denies them.

52.     In response to Paragraph 52 of the Complaint, Defendant admits that the City has an interest in enforcing its ordinance. Defendant further admits that Plaintiffs have stated their intent to continue to violate the ordinance. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in this Paragraph and therefore denies them.

## V. CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF
### Violation of the Religious Land Use and Institutionalized Persons Act (RLUIPA)
### (Substantial Burden Claim, 42 U.S.C. § 2000cc, *et seq.*)

53.     Defendant incorporates its responses to Paragraphs 1-52.

54.     Paragraph 54 of the Complaint does not contain factual allegations

to which a response is required.

55.     The allegations of Paragraph 55 of the Complaint contain legal conclusions to which no answer is required. To the extent that an answer is required, Defendant admits the allegations.

56.     The allegations of Paragraph 56 of the Complaint contain legal conclusions to which no answer is required. To the extent that an answer is required, Defendant admits the allegations.

57.     Paragraph 57 of the Complaint does not contain factual allegations to which a response is required.

58.     Paragraph 58 is admitted.

59.     The allegations of Paragraph 59 of the Complaint contain legal conclusions to which no answer is required. To the extent that an answer is required, Defendant admits the allegations.

60.     The allegations of Paragraph 60 of the Complaint contain legal conclusions to which no answer is required. To the extent that an answer is required, Defendant denies the allegations.

61.     The allegations of Paragraph 61 of the Complaint contain legal conclusions to which no answer is required. To the extent that an answer is required, Defendant denies the allegations.

62.     In response to Paragraph 62 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

63.     The allegations of Paragraph 63 of the Complaint contain legal

conclusions to which no answer is required. To the extent that an answer is required, Defendant denies the allegations.

64.    The allegations of Paragraph 64 of the Complaint contain legal conclusions to which no answer is required. To the extent that an answer is required, Defendant denies the allegations.

65.    The allegations of Paragraph 65 of the Complaint contain legal conclusions to which no answer is required. To the extent that an answer is required, Defendant denies the allegations.

66.    The allegations of Paragraph 66 of the Complaint contain legal conclusions to which no answer is required. To the extent that an answer is required, Defendant denies the allegations.

**SECOND CLAIM FOR RELIEF**
**Violation of the Right to Freedom of Religious Exercise**
**First and Fourteenth Amendments to the U.S. Constitution**
**(42 U.S.C. § 1983)**

67.    Defendant incorporates its responses to Paragraphs 1-66.

68.    The allegations of Paragraph 68 of the Complaint contain legal conclusions to which no answer is required. To the extent that an answer is required, Defendant denies the allegations.

69.    Paragraph 69 of the Complaint does not contain factual allegations to which a response is required.

70.    The allegations of Paragraph 70 of the Complaint contain legal conclusions to which no answer is required. To the extent that an answer is required, Defendant denies the allegations.

71.    The allegations of Paragraph 71 of the Complaint contain legal

conclusions to which no answer is required. To the extent that an answer is required, Defendant denies the allegations.

72.    The allegations of Paragraph 72 of the Complaint contain legal conclusions to which no answer is required. To the extent that an answer is required, Defendant denies the allegations.

73.    The allegations of Paragraph 73 of the Complaint contain legal conclusions to which no answer is required. To the extent that an answer is required, Defendant denies the allegations.

### THIRD CLAIM FOR RELIEF
### Violation of the Right to Freedom of Speech and Association
### First and Fourteenth Amendments to the U.S. Constitution
### (42 U.S.C. § 1983)

74.    Defendant incorporates its responses to Paragraphs 1-73.

75.    The allegations of Paragraph 75 of the Complaint contain legal conclusions to which no answer is required. To the extent that an answer is required, Defendant denies the allegations.

76.    The allegations of Paragraph 76 of the Complaint contain legal conclusions to which no answer is required. To the extent that an answer is required, Defendant denies the allegations.

77.    The allegations of Paragraph 77 of the Complaint contain legal conclusions to which no answer is required. To the extent that an answer is required, Defendant denies the allegations.

78.    The allegations of Paragraph 78 of the Complaint contain legal conclusions to which no answer is required. To the extent that an answer is required, Defendant denies the allegations.

Page 19  DEFENDANT CITY OF BROOKINGS ANSWER TO PLAINTIFF'S COMPLAINT
         AND DEFENSES

79.     The allegations of Paragraph 79 of the Complaint contain legal conclusions to which no answer is required. To the extent that an answer is required, Defendant denies the allegations.

80.     The allegations of Paragraph 80 of the Complaint contain legal conclusions to which no answer is required. To the extent that an answer is required, Defendant denies the allegations.

**FOURTH CLAIM FOR RELIEF**
**Violation of the Right to Due Process**
**Fourteenth Amendment to the U.S. Constitution**
**(42 U.S.C. § 1983)**

81.     Defendant incorporates its responses to Paragraphs 1-80.

82.     The allegations of Paragraph 82 of the Complaint contain legal conclusions to which no answer is required. To the extent that an answer is required, Defendant denies the allegations.

83.     The allegations of Paragraph 83 of the Complaint contain legal conclusions to which no answer is required. To the extent that an answer is required, Defendant denies the allegations.

84.     The allegations of Paragraph 84 of the Complaint contain legal conclusions to which no answer is required. To the extent that an answer is required, Defendant denies the allegations.

**FIFTH CLAIM FOR RELIEF**
**Violation of the Oregon State Constitutional Right to Free**
**Religious Opinion, Conscience, and Assembly**
**(Or. Const. art. I, §§ 2 and 3)**

85.     Defendant incorporates its responses to Paragraphs 1-84.

86.     The allegations of Paragraph 86 of the Complaint contain legal

conclusions to which no answer is required. To the extent that an answer is required, Defendant denies the allegations.

87.    The allegations of Paragraph 87 of the Complaint contain legal conclusions to which no answer is required. To the extent that an answer is required, Defendant denies the allegations.

88.    The allegations of Paragraph 88 of the Complaint contain legal conclusions to which no answer is required. To the extent that an answer is required, Defendant denies the allegations.

89.    The allegations of Paragraph 89 of the Complaint contain legal conclusions to which no answer is required. To the extent that an answer is required, Defendant denies the allegations.

**SIXTH CLAIM FOR RELIEF**
**Violation of the Oregon State Constitutional Right to Free**
**Expression**
**(Or. Const. art. I, § 8)**

90.    Defendant incorporates its responses to Paragraphs 1-89.

91.    The allegations of Paragraph 91 of the Complaint contain legal conclusions to which no answer is required. To the extent that an answer is required, Defendant denies the allegations.

92.    The allegations of Paragraph 92 of the Complaint contain legal conclusions to which no answer is required. To the extent that an answer is required, Defendant denies the allegations.

93.    The allegations of Paragraph 93 of the Complaint contain legal conclusions to which no answer is required. To the extent that an answer is required, Defendant denies the allegations.

Page 21  DEFENDANT CITY OF BROOKINGS ANSWER TO PLAINTIFF'S COMPLAINT
          AND DEFENSES

94.    The allegations of Paragraph 94 of the Complaint contain legal conclusions to which no answer is required. To the extent that an answer is required, Defendant denies the allegations.

95.    The allegations of Paragraph 95 of the Complaint contain legal conclusions to which no answer is required. To the extent that an answer is required, Defendant denies the allegations.

96.    The allegations of Paragraph 96 of the Complaint contain legal conclusions to which no answer is required. To the extent that an answer is required, Defendant denies the allegations.

**PRAYER FOR RELIEF**

97.    Defendant denies the allegations in Plaintiffs' prayer against the City and denies that Plaintiffs are entitled to relief sought in this lawsuit against Defendant.

98.    Except as expressly admitted above, Defendant denies each and every allegation in the Complaint.

**DEFENDANT'S DEFENSES**

99.    Defendant alleges the following as separate defenses without assuming the burden of proof, where such burden is otherwise on the Plaintiff under applicable law. Defendant reserves the right to add additional defenses should it become aware of such during the course of this action

**FIRST DEFENSE**

100.    Plaintiffs' complaint fails, in whole or in part, to state a claim upon which relief may be granted.

## SECOND DEFENSE

101.    Plaintiffs' claims against Defendant are limited to the extent they are subject to all the limitations, conditions, and immunities contained in the Oregon Tort Claims Act, ORS 30.265, *et seq.*

## THIRD DEFENSE

102.    Plaintiffs' claims against Defendant are limited to the extent they failed to exhaust applicable administrative remedies.

## FOURTH DEFENSE

103.    Plaintiffs' claims are not ripe because they have not suffered an injury in fact.

## FIFTH DEFENSE

104.    The City's ordinance promotes a compelling government interest and uses the least restrictive means to advance its interest.

## SIXTH DEFENSE

105.    The City's ordinance is a reasonable time, place, and manner restriction on First Amendment activity.

## SEVENTH DEFENSE

106.    The ordinance is content neutral, advances important governmental objectives, and any speech impacted (if any) has ample alternative avenues.

## EIGHTH DEFENSE

107.    The City's ordinance is a general, neutral, and enforceable regulation and there is no individual religious exemption available to Plaintiffs under Plaintiff's claims based on the Oregon constitution.

WHEREFORE, Defendant seeks judgment in its favor and against Plaintiffs, that Plaintiffs' claims be dismissed in their entirety with prejudice, and that Defendant be awarded attorney fees, costs, disbursements, and such other relief as the Court may deem just and proper.

DATED:  April 5th, 2022.

BULLARD LAW

By s/ Liani J. Reeves
 Liani J. Reeves, OSB No. 013904
 lreeves@bullardlaw.com
 Ed Choi, OSB No. 135673
 echoi@bullardlaw.com
 Heather Van Meter, OSB No. 983625
 hvanmeter@bullardlaw.com
 503-248-1134/Telephone
 503-224-8851/Facsimile
 Attorneys for Defendant
 City of Brookings

## CERTIFICATE OF SERVICE

I hereby certify that on April 5, 2022, I served the foregoing

**DEFENDANT CITY OF BROOKINGS ANSWER TO PLAINTIFFS'**

**COMPLAINT AND DEFENSES** on:

Amy Edwards
STOEL RIVES LLP
760 SW Ninth Ave., Suite 3000
Portland, OR 97205
amy.edwards@stoel.com

Samantha K. Sondag
STOEL RIVES LLP
760 SW Ninth Ave., Suite 3000
Portland, OR 97205
Samantha.sondag@stoel.com

Rachelle D. Collins
STOEL RIVES LLP
760 SW Ninth Ave., Suite 3000
Portland, OR 97205
rachelle.collins@stoel.com

Walter Fonseca
Oregon Justice Resource Center
PO Box 5248
Portland, OR 97208
wfonseca@ojrc.info

Franz Bruggemeier
Oregon Justice Resource Center
PO Box 5248
Portland OR 97205
fbruggemeier@ojrc.com

☑ by **electronic** means through the Court's Case Management/Electronic Case File system, which will send automatic notification of filing to each person listed above.

☐ by **emailing** a true and correct copy to the last known email address of each person listed, with confirmation of delivery.

s/ Liani J. Reeves
Liani J. Reeves, OSB No. 013904
Ed Choi, OSB No. 135673
Heather Van Meter, OSB No. 983625
Attorneys for Defendant City of Brookings