Casey M. Nokes, OSB No. 076641
cnokes@cablehuston.com
CABLE HUSTON LLP
1455 SW Broadway, Suite 1500
Portland, Oregon 97201-3412
Tele: (503) 224-3092

Meredith Kessler, *pro hac vice application pending*
mhollan4@nd.edu
NOTRE DAME RELIGIOUS LIBERTY CLINIC
Eck Hall of Law
Notre Dame, Indiana 46556
Tele: (574) 631-6981

*Attorneys for Amicus Curiae Notre Dame Religious Liberty Clinic*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| **ST. TIMOTHY'S EPISCOPAL CHURCH**, by and through **THE DIOCESE OF OREGON**, dba **THE EPISCOPAL DIOCESE OF OREGON**, an Oregon nonprofit corporation; and **REVEREND JAMES BERNARD LINDLEY**, vicar of St. Timothy's Episcopal Church,<br><br>Plaintiffs,<br><br>v.<br><br>**CITY OF BROOKINGS**, an Oregon Municipal government,<br><br>Defendant. | Case No. 22-cv-00156-CL<br><br>**UNOPPOSED MOTION BY NOTRE DAME LAW SCHOOL RELIGIOUS LIBERTY CLINIC FOR LEAVE TO PARTICIPATE AS *AMICUS CURIAE* IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** |

The Notre Dame Law School Religious Liberty Clinic respectfully moves for leave to file a brief as *amicus curiae* in support of Plaintiffs' Motion for Summary Judgment (ECF No. 43). A copy of the brief has been submitted with this motion.

Page - 1 -   NOTRE DAME LAW SCHOOL RELIGIOUS LIBERTY CLINIC'S
UNOPPOSED MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF
IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

<u>**LR 7-1 CERTIFICATE OF CONFERRAL**</u>

Pursuant to LR 7-1(a), counsel for Amicus certifies that they conferred with counsel for Plaintiffs and Defendant regarding the motion. Counsel for Plaintiffs consents to the motion. Counsel for Defendant confirmed that City of Brookings takes no position on the motion.

<u>**MOTION**</u>

I. **The proposed *amicus* has substantial interests in this case of significant concern to houses of worship and other religious organizations who serve those in need.**

The Notre Dame Law School Religious Liberty Clinic promotes and defends religious freedom for all people. It advocates for the right of all people to exercise, express, and live according to their religious beliefs. And it defends individuals and organizations of all faith traditions against interference with these fundamental liberties. It has represented groups from an array of faith traditions to defend the right to religious exercise, to preserve sacred lands from destruction, to promote the freedom to select religious ministers and shape religious doctrine, and to prevent discrimination against religious schools and families. The Clinic has participated in proceedings at all levels of federal and state courts, in administrative agencies, and before foreign courts and other governmental bodies around the world. In addition, the Religious Liberty Clinic has appeared as *amicus curiae* in cases where these critical rights are at stake.

The Religious Liberty Clinic has substantial interest in the outcome of this case. Here, the defendant seeks to curtail through land-use regulation Plaintiffs' right to exercise their faith by ministering to the homeless, hungry, and those otherwise in need. As part of its work, the Religious Liberty Clinic advocates for the right of churches and other religious groups to freely exercise their religion, including by offering much-needed services to their communities. The Religious Liberty Clinic therefore seeks to ensure that religious persons' and organizations' freedom to serve those in need, free from

discrimination in the implementation of land-use regulation, is meaningfully protected under the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA").

II.     **The proposed brief will aid this Court and the matters presented are relevant to the disposition of the case.**

This Court has "broad discretion" to permit a non-party to participate as *amicus curiae*. *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *abrogated in part on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995). "[T]he classic role of amicus curiae" is to "assist[] in a case of general public interest, supplement[] the efforts of counsel, and draw[] the court's attention to law that might otherwise escape consideration." *Funbus Sys., Inc. v. Cal. Pub. Utils. Comm'n*, 801 F.2d 1120, 1125 (9th Cir. 1986) (citation omitted). Because "[t]he Federal Rules of Civil Procedure do not establish a procedure by which an amicus brief may be filed in district courts," district courts instead "rely on Rule 29 of the Federal Rules of Appellate Procedure in addressing such requests." Order, *In re Intel Corp. CPU Marketing, Sales Practices and Products Liability Litigation*, Case No. 3:18-md-2828-SI (D. Or. March 29, 2022), at 2. "The touchstone is whether the amicus is 'helpful,' and there is no requirement 'that amici must be totally disinterested.'" *Id.* (quoting *California v. United States Dep't of Lab.*, 2014 WL 12691095, at *1 (E.D. Cal. Jan. 14, 2014)).

The proposed *amicus* brief seeks to supplement the arguments offered by Plaintiffs in support of their motion for summary judgment on Count 1 of the Complaint, which alleges that defendant substantially burdened Plaintiffs' religious exercise in violation of RLUIPA, 42 U.S.C. § 2000cc *et seq*. *See* Compl. ¶¶ 53–66. Specifically, the proposed *amicus* brief details the extensive record of evidence and testimony that Congress collected and considered when enacting RLUIPA. Indeed, the Congressional Record demonstrates that Congress was well aware of, and sought to prevent, widespread discrimination against religious individuals and organizations by local government

officials overseeing land-use decisions.  Further, the proposed brief explains that courts around the country have had little trouble concluding that RLUIPA prohibits the kind of discrimination that Plaintiffs face here.

The resolution of this case would be aided by full consideration of the history and purpose of RLUIPA and courts' interpretation of the statute.  The Notre Dame Religious Liberty Clinic is well-positioned to present this view.  These issues sit at the core of the Religious Liberty Clinic's work, which includes advocating for religious individuals' and organizations' right to exercise freely their beliefs.  The Religious Liberty Clinic therefore seeks to aid this Court in understanding the scope and meaning of RLUIPA and how the statute applies to the claims presented in this case.  For these reasons, the Notre Dame Law School Religious Liberty Clinic respectfully requests that this Court grant it leave to appear as *amicus curiae* in this case and to file the attached brief in support of Plaintiffs' motion for summary judgment.

DATED: October 13, 2023.

> CABLE HUSTON LLP
>
> By: s/ Casey M. Nokes
> Casey M. Nokes, OSB No. 076641
> cnokes@cablehuston.com
> 1455 SW Broadway, Suite 1500
> Portland, OR 97201-3412
> Tele: (503) 224-3092
>
> NOTRE DAME RELIGIOUS
> LIBERTY CLINIC
>
> Meredith Kessler, *pro hac vice application pending*
> mhollan4@nd.edu
> Eck Hall of Law
> Notre Dame, Indiana 46556
>
> *Attorneys for Amicus Curiae*
> *Notre Dame Religious Liberty Clinic*

Page - 4 -   NOTRE DAME LAW SCHOOL RELIGIOUS LIBERTY CLINIC'S UNOPPOSED MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

**CERTIFICATE OF SERVICE**

I hereby certify that I caused to be electronically filed **NOTRE DAME LAW SCHOOL RELIGIOUS LIBERTY CLINIC'S MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** with the Clerk of the Court using the CM/ECF system which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system.  The NEF for the foregoing specifically identifies the recipients of electronic notice as follows:

Amy Edwards
Stoel Rives LLP
760 SW Ninth Ave., Suite 3000
Portland, OR 97205
amy.edwards@stoel.com

Rachelle D. Collins
Stoel Rives LLP
760 SW Ninth Ave., Suite 3000
Portland, OR 97205
rachelle.collins@stoel.com

Samantha K. Sondag
Stoel Rives LLP
760 SW Ninth Ave., Suite 3000
Portland, OR 97205
Samantha.sondag@stoel.com

Tyler J. Killeen
Stoel Rives LLP
760 SW Ninth Ave., Suite 3000
Portland, OR 97205
tyler.killeen@stoel.com

Franz Bruggemeier
Oregon Justice Resource Center
PO Box 5248
Portland, OR 97205
wfonseca@ojrc.com

Walter Fonseca
Oregon Justice Resource Center
PO Box 5248
Portland, OR 97205
fbruggemeier@ojrc.info

Edward Choi
Bullard Law
200 SW Market Street, Suite 1900
Portland, OR 97201
echoi@bullardlaw.com

Heather Van Meter
Bullard Law
200 SW Market Street, Suite 1950
Portland, OR 97201
hvanmeter@bullardlaw.com

Liani Jeanheh Reeves
Bullard Law
200 SW Market Street, Suite 1900
Portland, OR 97201
lreeves@bullardlaw.com

Page 1 – CERTIFICATE OF SERVICE

DATED: October 13, 2023.

                        CABLE HUSTON LLP

                By: s/ Casey M. Nokes
                    Casey M. Nokes, OSB No. 076641
                    cnokes@cablehuston.com
                    1455 SW Broadway, Suite 1500
                    Portland, OR 97201-3412

                    *Attorneys for Amicus Notre Dame Religious Liberty Clinic*

Page 2 – CERTIFICATE OF SERVICE