**Liani J. Reeves, OSB No. 013904**
liani.reeves@millernash.com
**Ed Choi, OSB No. 135673**
ed.choi@millernash.com
**Heather Van Meter, OSB No. 983625**
heather.vanmeter@millernash.com
Miller Nash, LLP
111 SW 5th Avenue, Suite 3400
Portland, OR  97204
503-224-5858/Telephone
503-224-0155/Facsimile

      Attorneys for Defendant City of Brookings

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## MEDFORD DIVISION

| | |
|---|---|
| **ST. TIMOTHY'S EPISCOPAL CHURCH**, by and through **THE DIOCESE OF OREGON**, dba **THE EPISCOPAL DIOCESE OF OREGON**, an Oregon nonprofit corporation, and **REVEREND JAMES BERNARD LINDLEY**, vicar of St. Timothy's Episcopal Church,<br><br>      Plaintiffs,<br><br>   v.<br><br>**CITY OF BROOKINGS**, an Oregon municipal government,<br><br>      Defendant. | Case No. 1:22-cv-00156-CL<br><br>**DEFENDANT CITY OF BROOKINGS' MOTION TO DISMISS (MOOTNESS)**<br><br>**ORAL ARGUMENT REQUESTED** |

## CONFERRAL CERTIFICATION

      The undersigned counsel certifies that she conferred with Plaintiffs' counsel regarding the issues presented in this motion, but the parties were unable to resolve the dispute.

## MOTION TO DISMISS

      Defendant City of Brookings hereby moves this court for an order dismissing

Page 1    DEFENDANT CITY OF BROOKINGS' MOTION TO DISMISS (MOOTNESS)

Plaintiffs' complaint and case on the basis of mootness and lack of a live case or controversy, and thus lack of federal court jurisdiction. This motion is supported by the pleadings on file, the points and authorities below, and the Declaration of Heather J. Van Meter and exhibits filed herewith.

## RELEVANT FACTS

The basis for Plaintiffs' objection to the City of Brookings ordinance relating to benevolent meal services has been a moving target throughout this case.

**A.  Original Ordinance #21-O-795 Requirements**

There is no dispute that the only conditions in Ordinance #21-O-795 for benevolent meal service providers are: (a) meet the requirements of a 501(c)(3) charitable organization (not at issue); (b) comply with public health requirements (which St. Timothy's now does); (c) the structures used comply with applicable building, fire, and public works standards (not at issue); (d) comply with off-street parking requirements (not at issue); and (e) have meal services occur between 9:00 a.m. and 5:00 p.m. (which St. Timothy's does) for no more than three hours at a time (which St. Timothy's does) no more than two times per week. Complaint, Exh. 2; Defendants' Motion for Summary Judgment, Statement of Facts, para. 8.

There is no dispute that the terms of the ordinance, specifically the hours and number of days and timeframe, were based on not only meeting but exceeding the requests of the existing benevolent meal service providers that contributed towards discussions at the time the ordinance was being considered. Defendant's Motion for Summary Judgment, Statement of Facts, para. 12; Van Meter Dec. (on file), Exh. E (8/30/2021 Brookings City Council Workshop Transcript), pp. 26-33.

The only part of Ordinance #21-O-795 that St. Timothy's did not already comply with is that *every other week* they serve three meals not two, and on the alternating weeks serve

Page 2    DEFENDANT CITY OF BROOKINGS' MOTION TO DISMISS (MOOTNESS)
4856-0700-9171.1

two meals per week.[1]

B.   **Plaintiffs' Initial Objection – Permit Requirement**

Plaintiffs' previously-stated sole objection to Ordinance #21-O-795 was based on the fact that there is a permit required, even though fees were waived.  Defendants' Motion, Statement of Facts, para. 15; Van Meter Dec. (on file), Exh. E, pp. 56-57 (Fr. Lindley stating "should this go forward where you would require us to have a permit, we would not apply for that permit… we would expect this to go to court").  Plaintiffs ignored the fact that, without the permit process, the benevolent meal services were not allowed at all in residential zones pursuant to the City's existing land use code.

Plaintiffs have now abandoned this basis for objection, as stated in Plaintiffs' Response to Defendant's Motion for Summary Judgment.  In fact, Plaintiffs now claim that St. Timothy's never objected on this basis – despite the clear deposition testimony to the contrary.  *See* Plaintiffs' Opposition to Defendant's Motion for Summary Judgment, pp. 12-13, 33 n.14.

Plaintiffs presumably abandoned this objection because it is undisputed that St. Timothy's applied for and received at least two prior permits from the City of Brookings, a building permit and a car-camping permit.  Defendant's Motion, Statement of Facts, paras. 3, 7.  Fr. Lindley and Bishop Akiyama also admitted in deposition that nothing in their faith prohibits Plaintiffs from applying for permits.  Defendant's Motion, Statement of Facts, para. 16.

C.   **Plaintiffs' New Objection – Feeding Limited to Two Times Per Week**

In their summary judgment motion, Plaintiffs for the first time stated their

---

[1] St. Timothy's also lets members of a United Methodist Church from Smith River, California serve a fourth meal from St. Timothy's on Mondays, but this benevolent meal service by a different church of a different Christian denomination is not at issue, as Plaintiffs are not claiming and could not claim this is part of *St. Timothy's* religious exercise.  Defendant's Motion, Statement of Facts, para. 1; Van Meter Dec., Exh. S (current meal schedule). United Methodist Church is not a party to these proceedings, and also could simply use a different location.

objection is based on the fact that Ordinance #21-O-795 only allows benevolent meal services *two* times per week. Plaintiffs' Motion for Summary Judgment, pp. 1-2. This was a newly-stated basis for Plaintiffs' objection and argument, and one the City of Brookings took to heart.

**D.    City Amends Ordinance To Allow Benevolent Meal Services Three Times Per Week**

In response to Plaintiffs' newly-stated basis for their objection with Ordinance #21-O-795, the City of Brookings' Planning Commission considered and recommended, and the City Council considered and adopted, a revision to the terms of Ordinance #21-O-795 to allow benevolent meal services up to <u>three</u> days per week, up to two hours at a time. This meets and on some weeks exceeds the number of times per week that St. Timothy's provides benevolent meal services. The City of Brookings adopted Ordinance #23-O-809 on November 13, 2023 to allow benevolent meal services to be served up to three days per week in residential zones of the City. Van Meter Dec., Exh. W (Ordinance #23-O-809 adoption records). Permit application fees were waived once again. Id.

It is undisputed that the current benevolent meals schedule in Brookings is as follows:[2]

| Mon. | Tues. | Weds. | Thurs. | Fri. | Sat. | Sun. |
|---|---|---|---|---|---|---|
| Smith River United Methodist Church (using St. Timothy's) 12:00-1:00 p.m. | St. Timothy's 12:00-1:00 p.m. | Star of the Sea Catholic Church 12:00 – 1:00 p.m. | Brookings Presbyterian Church 12:00 – 1:00 p.m. | Trinity Lutheran Church 12:00 – 1:00 p.m. | Every other Saturday: St. Timothy's *or* Church of the Nazarene 12:00 – 1:00 p.m. | St. Timothy's 3:00 – 4:00 p.m. |

Van Meter Dec. (on file), Exh. S, U. As previously noted, at least two churches with conditional use permits to serve benevolent meals up to two days per week, but only serving one day per

---

[2] Lindley Dec., paras. 6-8; Van Meter Dec. (on file), Exh. S.

Page 4    DEFENDANT CITY OF BROOKINGS' MOTION TO DISMISS (MOOTNESS)

4856-0700-9171.1

week, are within less than 1000 feet, or less than three football fields, from St. Timothy's, and Smith River United Methodist Church could serve benevolent meals on Mondays at one of those locations. Id.

E. **Plaintiffs Most Recent Objection – Unknown**

Plaintiffs now appear to argue nebulously that they want to "feed the hungry when they need to be fed." Plaintiffs' Opposition to Defendant's Motion for Summary Judgment, p. 1. However, St. Timothy's *current* benevolent meal services are no more than three times per week, for no more than an hour at a time, between the hours of 9:00 a.m. to 5:00 p.m.[3] All of St. Timothy's benevolent meal services are allowed under the currently-applicable City of Brookings ordinances, as recently amended. Plaintiffs have never claimed they are even contemplating changes to the current St. Timothy's benevolent meal services schedule – any suggestion to the contrary is either pure speculation or improper litigation strategy to avoid mootness.

## DISCUSSION

A. **Article III Live Case or Controversy Requirement**

The federal government is a government of limited, enumerated powers. Article III of the United States Constitution grants to the Judicial Branch authority to adjudicate "Cases" and "Controversies." In our system of government, courts have "no business" deciding legal disputes or expounding on law in the absence of such a case or controversy. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341 (2006). "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely

---

[3] There is no dispute that St. Timothy's served meals up to six times per week during the COVID-19 pandemic, when other benevolent meal service locations closed due to the pandemic, but now these other benevolent meal service providers have resumed services and St. Timothy's has commensurately reduced its meal service frequency.

to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). Federal courts may not "decide questions that cannot affect the rights of litigants in the case before them" or give "opinion[s] advising what the law would be upon a hypothetical state of facts." Id. (quoting *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) (per curiam).

The limitation contained in Article III requires those invoking the power of a federal court to demonstrate standing, meaning a "personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Allen v. Wright*, 468 U.S. 737, 751 (1984). The United States Supreme Court has repeatedly held that an "actual controversy" must exist not only "at the time the complaint is filed," but through "all stages" of the litigation. *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90 (2013) (citing *Alvarez v. Smith*, 558 U.S. 87, 92 (2009); *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997) ("To qualify as a case fit for federal-court adjudication, 'an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed'" (quoting *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975))).

A case becomes moot—and therefore no longer a "Case" or "Controversy" for purposes of Article III—"when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (per curiam). A case is moot if the dispute "is no longer embedded in any actual controversy about the plaintiffs' particular legal rights." *Alvarez v. Smith*, 558 U.S. at 93.

**B.      Plaintiffs' Claims Are Moot, No Live Case or Controversy Exists**

Since 2021, the City of Brookings has worked to prepare and adopt an ordinance to *allow* benevolent meal services to continue legally in residential zones, where these meal services are otherwise not allowed. Defendant's Motion for Summary Judgment, Statement of Facts, paras. 11-16. The City worked with the cooperating benevolent meal service providers to

Page 6     DEFENDANT CITY OF BROOKINGS' MOTION TO DISMISS (MOOTNESS)

4856-0700-9171.1

draft an ordinance that not only granted their requested number of days and times, but exceeded their requests.  Id.

Plaintiffs originally objected to the Ordinance because it contained a permit requirement, even though the Plaintiffs had previously obtained permits from the City.  In their summary judgment motion, Plaintiffs abandoned this objection and articulated a new basis for their objection -- that the ordinance limited benevolent meals to two days per week while St. Timothy's served benevolent meals three days per week on alternating weeks.  In response, the City has amended its ordinance to now allow St. Timothy's to serve benevolent meals three days per week with a permit.  There is no dispute that St. Timothy's serves benevolent meals no more than three days per week, and therefore St. Timothy's currently qualifies to obtain a permit to continue to provide benevolent meal services exactly as it is doing.  Plaintiffs have now stated they have no objection to applying for and obtaining a permit from the City. Plaintiffs have expressed no intent to change St. Timothy's benevolent meal services schedule.

Based on these undisputed facts, there is no live case or controversy, Plaintiffs' claims are moot, and this Court no longer has jurisdiction over the matter.  For this court to continue to consider the legal arguments will result in an unenforceable advisory opinion.

Furthermore, the City's actions in adopting the original ordinance and the recent revision  were made in its continuing effort to *allow* benevolent meal services to continue, including those at St. Timothy's.  Nor is adoption of a land use ordinance a simple matter, it is a detailed process involving planning department staff preparation of reports and recommendations, public notice, public hearings, planning commission deliberation and voting, then city council deliberation and voting.  None of these activities are reasonably likely to be taken to willy-nilly reverse an ordinance change that was just made, knowing another lawsuit

would likely be filed.  This is especially true because the City has at all times been acting to *allow* continued benevolent meal services.  Additionally, the City is entitled to a presumption that it is acting in good faith when it changes its policy.  *See Am. Cargo Transp., Inc. v. United States*, 625 F.3d 1176, 1180 (9th Cir. 2010).  For all these reasons, existing case law relating to mootness based on a defendant's "voluntary cessation of allegedly unlawful activity" is not applicable.  *See Already, LLC v. Nike, Inc*., 568 U.S. at 91-95 (case against Nike became moot because Nike voluntarily agreed to irrevocable covenant allowing Already shoes).

Plaintiffs can simply apply for a permit, the fees are waived, and continue with the benevolent meal services at St. Timothy's exactly as is presently being done.

## CONCLUSION

Based on the foregoing, Plaintiffs' Complaint must be dismissed due to mootness, lack of a live case or controversy, and thus lack of jurisdiction before this court.

DATED:  November 28, 2023.

MILLER NASH, LLP

By s/Heather J. Van Meter
   Liani J. Reeves, OSB No. 013904
   liani.reeves@millernash.com
   Ed Choi, OSB No. 135673
   ed.choi@millernash.com
   Heather Van Meter, OSB No. 983625
   heather.vanmeter@millernash.com
   Attorneys for Defendant
   City of Brookings

# CERTIFICATE OF SERVICE

I hereby certify that on November 28, 2023 I served the foregoing DEFENDANT CITY OF BROOKINGS' MOTION TO DISMISS (MOOTNESS) on:

| | |
|---|---|
| Amy Edwards<br>STOEL RIVES LLP<br>760 SW Ninth Ave., Suite 3000<br>Portland, OR 97205<br>amy.edwards@stoel.com | Samantha K. Sondag<br>STOEL RIVES LLP<br>760 SW Ninth Ave., Suite 3000<br>Portland, OR 97205<br>samantha.sondag@stoel.com |
| Rachelle D. Collins<br>STOEL RIVES LLP<br>760 SW Ninth Ave., Suite 3000<br>Portland, OR 97205<br>Rachelle.collins@stoel.com | Walter Fonseca<br>Oregon Justice Resource Center<br>PO Box 5248<br>Portland, OR 97208<br>wfonseca@ojrc.info |
| Franz Bruggemeier<br>Oregon Justice Resource Center<br>PO Box 5248<br>Portland, OR 97205<br>fbruggemeier@ojrc.info | |

☑ by **electronic** means through the Court's Case Management/Electronic Case File system, which will send automatic notification of filing to each person listed above.

s/Heather J. Van Meter
Liani J. Reeves, OSB No. 013904
Ed Choi, OSB No. 135673
Heather Van Meter, OSB No. 983625
Attorneys for Defendant City of Brookings