**Liani J. Reeves, OSB No. 013904**
liani.reeves@millernash.com
**Ed Choi, OSB No. 135673**
ed.choi@millernash.com
**Heather Van Meter, OSB No. 983625**
heather.vanmeter@millernash.com
Miller Nash, LLP
111 SW 5th Avenue, Suite 3400
Portland, OR  97204
503-224-5858/Telephone
503-224-0155/Facsimile

   Attorneys for Defendant City of Brookings

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**MEDFORD DIVISION**

| | |
|---|---|
| **ST. TIMOTHY'S EPISCOPAL CHURCH**, by and through **THE DIOCESE OF OREGON**, dba **THE EPISCOPAL DIOCESE OF OREGON**, an Oregon nonprofit corporation, and **REVEREND JAMES BERNARD LINDLEY**, vicar of St. Timothy's Episcopal Church, | Case No. 1:22-cv-00156-CL |
| | **DEFENDANT CITY OF BROOKINGS' RESPONSE TO BRIEF OF AMICUS CURIAE NOTRE DAME LAW SCHOOL RELIGIOUS LIBERTY CLINIC** |
|    Plaintiffs, | |
|  v. | |
| **CITY OF BROOKINGS**, an Oregon municipal government, | |
|    Defendant. | |

   Defendant City of Brookings responds briefly to two legal points presented in the amicus brief filed by Notre Dame Law School Religious Liberty Clinic ("Amicus").  Regarding the remainder of the amicus brief, the City of Brookings simply notes that the Amicus appears to have assumed Plaintiffs' alleged facts from Plaintiffs' Motion for Summary Judgment were all true, without reviewing the underlying evidence, thereby reaching conclusions unsupported by

Page 1  DEFENDANT CITY OF BROOKINGS' RESPONSE TO BRIEF OF AMICUS CURIAE NOTRE DAME LAW SCHOOL RELIGIOUS LIBERTY CLINIC

the evidence in this case. Specifically, the Amicus assumes without supporting evidence that the City of Brookings was restricting Plaintiffs' ability to continue its benevolent meal services, when in fact the City's ordinances do the opposite.

## A.    Free Exercise Clause Standard

Defendant City of Brookings agrees with the Amicus that the Free Exercise Clause of the First Amendment to the United States Constitution "generally does not excuse a person of [the] obligation to comply with a neutral, generally applicable law that incidentally burdens [the] religious exercise." Amicus brief, p. 3 (citing *Employment Div. v. Smith*, 494 U.S. 872 (1990)). As discussed in Defendant City of Brookings' Motion for Summary Judgment, when a law is neutral and of general applicability, meaning the law does not "single out houses of worship for especially harsh treatment," then rational basis review applies, even if there is an "incidental effect of burdening a particular religious practice." Defendant's Motion, p. 26. As cited by Amicus, the Ordinance at issue is a neutral law of general applicability, and rational basis review applies. To invalidate a law reviewed under rational basis, "[t]he burden is on the one attacking the legislative arrangement to negative every conceivable basis which might support it." Defendant's Motion, p. 27. Here, the City adopted Ordinance #21-O-795, and recently adopted Ordinance #23-O-809, in order to *allow* benevolent meal services to continue in the same manner they are currently being provided, in order to promote public health and welfare. This is certainly a valid basis for the ordinance, and no violation of the Free Exercise Clause of the First Amendment exists in this case.

## B.    RLUIPA Purposes Met by City of Brookings

As noted in the amicus brief, RLUIPA was enacted to prohibit governments from using existing land-use regulations, or enacting new land-use regulations, that "impose a substantial burden on a person's religious exercise." Amicus brief, p. 7. Amicus then likens the

Page 2    DEFENDANT CITY OF BROOKINGS' RESPONSE TO BRIEF OF AMICUS
          CURIAE NOTRE DAME LAW SCHOOL RELIGIOUS LIBERTY CLINIC

City of Brookings ordinance to a City of Richmond ordinance that imposed a $1,000 permit

application fee and limited the number of persons who could be served at a church's homeless

feeding program to 30 per week when at the time the church served thousands per year.  Amicus

brief, p. 7.  Amicus also likens the City of Brookings ordinance to a Washington, D.C. decision

prohibiting a church from feeding homeless persons, a Florida order for a church to close, and

capacity limitations imposed in Minnesota and Florida.  Amicus brief, pp. 8-9, 11-12.

        In the present case, it is undisputed that the City of Brookings' ordinances are

*allowing* benevolent meals to continue when they are not otherwise allowed, with permit fees

waived, and without any limit on the number of persons being served.  No church closure is

being ordered, no capacity limits are imposed, and no order to stop feeding homeless persons is

being issued – the situation at hand is quite the opposite.

        Missing from the amicus brief, or any submissions by or on behalf of Plaintiffs, is

citation to *any case* striking down a law or ordinance that allows benevolent meal services to

continue exactly as they are being served, waiving permit fees, and for the stated purpose of

ensuring benevolent meal services can continue once it was determined that such services were

not allowed in residential zones where they were being provided.  There is no such case, because

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Page 3    DEFENDANT CITY OF BROOKINGS' RESPONSE TO BRIEF OF AMICUS
          CURIAE NOTRE DAME LAW SCHOOL RELIGIOUS LIBERTY CLINIC

4895-7164-1236.1

such an ordinance does not impose a substantial burden on religious exercise, it actually

alleviates a burden.  This is the City of Brookings' ordinance, and it does not violate RLUIPA.

DATED:  December 1, 2023.

MILLER NASH, LLP

By s/Heather J. Van Meter
    Liani J. Reeves, OSB No. 013904
    liani.reeves@millernash.com
    Ed Choi, OSB No. 135673
    ed.choi@millernash.com
    Heather Van Meter, OSB No. 983625
    heather.vanmeter@millernash.com
    Attorneys for Defendant
    City of Brookings

Page 4    DEFENDANT CITY OF BROOKINGS' RESPONSE TO BRIEF OF AMICUS
           CURIAE NOTRE DAME LAW SCHOOL RELIGIOUS LIBERTY CLINIC
4895-7164-1236.1

**CERTIFICATE OF SERVICE**

I hereby certify that on December 1, 2023 I served the foregoing DEFENDANT

CITY OF BROOKINGS' RESPONSE TO BRIEF OF AMICUS CURIAE NOTRE DAME LAW

SCHOOL RELIGIOUS LIBERTY CLINIC on:

Amy Edwards
STOEL RIVES LLP
760 SW Ninth Ave., Suite 3000
Portland, OR 97205
amy.edwards@stoel.com

Samantha K. Sondag
STOEL RIVES LLP
760 SW Ninth Ave., Suite 3000
Portland, OR 97205
samantha.sondag@stoel.com

Rachelle D. Collins
STOEL RIVES LLP
760 SW Ninth Ave., Suite 3000
Portland, OR 97205
Rachelle.collins@stoel.com

Walter Fonseca
Oregon Justice Resource Center
PO Box 5248
Portland, OR 97208
wfonseca@ojrc.info

Franz Bruggemeier
Oregon Justice Resource Center
PO Box 5248
Portland, OR 97205
fbruggemeier@ojrc.info

☑      by **electronic** means through the Court's Case Management/Electronic Case File system, which will send automatic notification of filing to each person listed above.

s/Heather J. Van Meter
_____
Liani J. Reeves, OSB No. 013904
Ed Choi, OSB No. 135673
Heather Van Meter, OSB No. 983625
Attorneys for Defendant City of Brookings

Page 1    CERTIFICATE OF SERVICE