**Liani J. Reeves, OSB No. 013904**
liani.reeves@millernash.com
**Ed Choi, OSB No. 135673**
ed.choi@millernash.com
**Heather Van Meter, OSB No. 983625**
heather.vanmeter@millernash.com
Miller Nash, LLP
111 SW 5th Avenue, Suite 3400
Portland, OR  97204
503-224-5858/Telephone
503-224-0155/Facsimile

      Attorneys for Defendant City of Brookings

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# MEDFORD DIVISION

| | |
|---|---|
| **ST. TIMOTHY'S EPISCOPAL CHURCH**, by and through **THE DIOCESE OF OREGON**, dba **THE EPISCOPAL DIOCESE OF OREGON**, an Oregon nonprofit corporation, and **REVEREND JAMES BERNARD LINDLEY**, vicar of St. Timothy's Episcopal Church,<br><br>              Plaintiffs,<br><br>  v.<br><br>**CITY OF BROOKINGS**, an Oregon municipal government,<br><br>              Defendant. | Case No. 1:22-cv-00156-CL<br><br>**DEFENDANT CITY OF BROOKINGS' REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>**ORAL ARGUMENT REQUESTED** |

## REPLY

        Plaintiffs' newest primary argument is that Plaintiffs want to "feed the hungry when they need to be fed." Plaintiffs' Opposition, pp. 1, 6, 11, 20. However, presently St. Timothy's serves benevolent meals on Tuesdays (noon to 1pm), every other Saturday (noon to 1pm), and Sundays (3-4pm), thus this schedule is apparently when Plaintiffs have determined the

Page 1    DEFENDANT CITY OF BROOKINGS' REPLY IN SUPPORT OF DEFENDANT'S
            MOTION FOR SUMMARY JUDGMENT

hungry need to be fed.  This is exactly what Ordinances #21-O-795 and #23-O-809 allow.  These ordinances are in keeping with former Mayor Hedenskog and the City's Council's unanimous desire for the benevolent meal services to continue.  *See* Defendant's Motion for Summary Judgment, Statement of Facts, para. 13.  Plaintiffs have now dropped their original objection to any permit being required (Plaintiffs' Response, pp. 12-13, 33), so Plaintiffs need only apply for the permit.  The fees are currently waived.  There simply is no reason, other than perhaps stubbornness, Plaintiffs cannot apply for the free permit and continue serving benevolent meals exactly as they are presently doing.

## I.  REPLY ON STATEMENT OF FACTS

Plaintiffs make no relevant, evidence-based responses to the City's Statement of Facts, and no further reply is necessary in large part.  Just one point to clarify relating to the definition of "restaurant."  Plaintiffs claim that the ORS 624.010(9) definition of restaurant, an establishment "[w]here food or drink is prepared for consumption by the public," does not apply to St. Timothy's.[1] Plaintiffs cite ORS 624.038(1) to support their argument, quoting only a portion of that statute to claim the statute omits "establishments where food is prepared and served by a … religious organization."  However, Plaintiffs omit the full statute section, which actually exempts "establishment[s] where food is prepared and served by a fraternal, social or religious organization **only to its own members and guests**." (emphasis added).  Clearly, since

---

[1] Plaintiffs also argue that the definition of restaurant does not appear in the Brookings Municipal Code. However, there are hundreds of words in the code that are not defined therein, and thus use existing statutory definitions, as with "restaurant."  Notably, St. Timothy's agreed with Oregon Health Authority that it constitutes a "restaurant" for which inspection and licensing is required.  *See* Defendant's Motion for Summary Judgment, Statement of Facts, para. 12.  Bishop Akiyama also agreed that the benevolent meal services at St. Timothy's meet this statutory definition of restaurant. Id. (Akiyama Dep., 38:20-23).  Plaintiffs also argue that nursing homes, hospitals, nurseries, and other entities could theoretically exist in residential zones, but there are none presently (so no comparisons), this would only be allowed with conditional use permits after a planning review process, and these entities do not typically serve free meals to the general public in any case.

Page 2   DEFENDANT CITY OF BROOKINGS' REPLY IN SUPPORT OF DEFENDANT'S
         MOTION FOR SUMMARY JUDGMENT

4892-2875-6631.1

St. Timothy's is serving benevolent meals to the general public, this limited exception does not apply. City of Brookings assumes this substantial misquote by plaintiffs was merely an oversight. Plaintiffs declare this issue irrelevant in any case because they do not challenge the "restaurant" status, they "challenge a City regulation that limits how they may serve the needy." Plaintiffs' Opposition, p. 17.

Relating to Plaintiffs' "religious exercise" and any substantial burden thereon, to reiterate, **Fr. Lindley and Bishop Akiyama testified under oath** that:

(a) Benevolent meal services are not required at all, in fact only three or four of the approximately 69 churches within the Diocese provide benevolent meal services at all. Defendant's Motion for Summary Judgment, Van Meter Dec., Exh. A (Lindley Dep. 153:14-156:8), Exh. B (Akiyama Dep. 42:17-43:10, testifying she is only aware of one other).[2]

(b) Nothing in the church's faith prohibits Fr. Lindley from providing benevolent meal services in non-residential areas of the city (including using meals prepared in St. Timothy's own commercial kitchen). Defendant's Motion for Summary Judgment, Van Meter Dec., Exh. B (Akiyama Dep. 13:24-14:10, 40:8-41:24, 45:7-12, 55:14-56:17).

(c) Nothing in the church's faith prohibits Fr. Lindley from choosing other means such as a food bank or making donations to fulfill the general desire to feed the poor, and in fact most other churches do so, if they do anything at all. Id.

(d) Nothing in the church's faith prohibits Fr. Lindley from using other church locations,

---

[2] Plaintiffs incorrectly state in their Response that "the City has presented no admissible evidence regarding the number of churches within the Diocese that provide benevolent meal services." Response, p. 6. In fact, the City cited Fr. Lindley's and Bishop Akiyama's own deposition testimony. *See* Statement of Facts, para. 1.

Page 3   DEFENDANT CITY OF BROOKINGS' REPLY IN SUPPORT OF DEFENDANT'S
         MOTION FOR SUMMARY JUDGMENT

including those churches with benevolent meal service permits, to fulfill the general desire to feed the poor.  Id.

(e) There is no dispute and *Bishop Akiyama admits* that St. Timothy's is in a residential zone of the city, where restaurants are not allowed.  Defendant's Motion for Summary Judgment, Van Meter Dec., Exh. B (Akiyama Dep. 45:23-46:7); Brookings Municipal Code 17.20.010 et seq., available at

https://www.codepublishing.com/OR/Brookings/#!/Brookings17/Brookings1720.html#17.20 (restaurants not an allowed permitted or conditional use, except under new Ordinance #21-O-795).

**Motion #1: Plaintiffs' RLUIPA Claim Fails Because There is no Individualized Assessment of Plaintiffs' Property Uses, and Ordinance #21-O-795 Actually Allows an Activity that is Not Otherwise Allowed in Residential Zones**

**A.	RLUIPA Generally**

As noted in Defendant's Motion, RLUIPA generally protects against government regulations that impose substantial burdens on religious exercise, but only in three limited circumstances.  42 U.S.C. Sec. 2000cc(a).  The only potentially applicable circumstance in this case is subsection (C), which applies when "*the substantial burden is imposed in the implementation of a land use regulation or system of land use regulations, under which a government makes, or has in place formal or informal procedures or practices that permit the government to make, individualized assessments of the proposed uses for the property involved.*"[3]

---

[3] Plaintiffs also suggest, without any citation to evidence, that (B) relating to substantial burden affecting interstate commerce may apply. This bare suggestion must be rejected due to the lack of any evidence of any impacts, let alone substantial burden, on interstate commerce. *See also* Defendant's Response to Statement of Interest, pp. 4-7 (incorporated by reference herein). Plaintiffs sole reliance on *Cottonwood Christian Center* is misplaced because that case involved

[Footnote continued on next page]

B.   **No Individualized Assessment of the Property Uses Involved**

Plaintiffs argue that a land use code that merely *allows* for individualized assessments of property at some stage in the process is sufficient for RLUIPA to apply, even if no actual individualized assessment has taken place at all.  This is legally incorrect.[4]

First, plaintiffs only citation for this argument is to the Central District of California case *Cottonwood Christian Center*.  However, that case involved an individualized assessment, specifically rejection of plaintiff's conditional use permit as incomplete, then a city moratorium on any conditional use permits that lasted for several years, followed by the City's attempt to use eminent domain to take plaintiff's property to convert it to a Costco shopping center.  *Cottonwood Christian Center v. Cypress Redevelopment Agency*, 218 F. Supp. 2d 1203 (C.D. Cal. 2002).  Nothing in that non-binding case held that the mere existence of the possibility of an individualized assessment of a property was sufficient to invoke RLUIPA.  Plaintiffs also rely on *Midrash Sephardi*, but that case involved a town initiating injunction proceedings and seeking to impose civil penalties on two synagogues operating in a business district where they were allegedly not allowed to operate.  *Midrash Sephardi, Inc. v. Town of Surfside*, 366 F.3d 1214 (11th Cir. 2004).  Indeed, plaintiffs cite no case in which the mere existence of a possibility of an individualized assessment was sufficient for RLUIPA to apply.  This is presumably because the plain language of RLUIPA requires that a substantial burden on religious exercise be imposed "in the implementation" of a land use regulation or system for individualized assessments of the proposed property use(s).  *See Andon, LLC v. City of Newport News, Va.*, 63

---

multimillion dollar building construction, but no construction is involved in the present case to constitute recognized impacts on interstate commerce.

[4] See Defendant's Response to United States' Statement of Interest, pp. 7-12 (incorporated by reference herein).

Page 5   DEFENDANT CITY OF BROOKINGS' REPLY IN SUPPORT OF DEFENDANT'S
            MOTION FOR SUMMARY JUDGMENT

4892-2875-6631.1

F. Supp. 3d 630, 642-43 (E.D. Va. 2014) ("Congress did not intend to permit religious organizations to exempt themselves from neutral zoning provisions").  Thus, the RLUIPA cases cited by both parties all involve some actual individualized assessment of the property use(s), whether through denial of a variance, denial of a conditional use permit, severe administrative delay with the intent to thwart religious exercise, or similar denial of a religious person or group's requested property use.  Here, plaintiffs have never even applied for the permit under Ordinance #21-O-795, and no individualized assessment has occurred.

Second, plaintiffs' argument would require plaintiffs to have made claims against the entire City of Brookings land use code, but plaintiffs have no such claims.  On the contrary, plaintiffs admit "their claims are not to zoning laws generally."  Plaintiffs' Opposition, p. 33.  Specifically, plaintiffs do not claim that the City of Brookings' land use code is anything other than a perfectly legal general and neutrally applied land use system.  Presumably plaintiffs did not challenge the City's land use code because plaintiffs knew a challenge to the entire land use code would fail.  Defendant's Motion, p. 20.  Plaintiffs' Complaint claims relate solely to Ordinance #21-O-795.  Applicants for permits to serve benevolent meals in residential zones experienced an individualized assessment of the property use, but plaintiffs have never applied at all.  Had plaintiffs applied, the permit likely would be granted, because all other applications were approved.  Plaintiffs' comparison to *Martin v. Houston* is misplaced because that Alabama case involved special state legislation attempting to shut down a sex offender transitional housing program.  196 F. Supp. 3d 1258 (M.D. Ala. 2016).  Here, Ordinance #21-O-795 seeks to allow benevolent meal services to continue.

Third, there is no dispute that St. Timothy's is located in a residential zone, and has a de facto conditional use permit to operate as a church based on its existence at its current

location prior to the City adopting its land use code.  There is no dispute, and Bishop Akiyama admitted, that the benevolent meal services at St. Timothy's constitute a "restaurant" as that term is defined by statute.  There is no dispute that "restaurants" are only permitted uses in commercial and industrial park zones of the City of Brookings.  There is no dispute that restaurants are prohibited in residential zones, that is they are neither an outright allowed use or a conditionally permitted use in residential zones.  These are all terms in the City's general and neutral land use code, against which there are no claims in this case.  There is no dispute that Ordinance #21-O-795, along with new Ordinance #23-O-809, *allow* benevolent meal services to continue to be provided in residential zones with a conditional use permit.  There is no dispute that Plaintiffs have not, to date, applied for a permit.  No individualized assessment has occurred based on these undisputed facts.

**C.    There Is No Substantial Burden on St. Timothy's Religious Exercise**

In order to prevail on their claims, plaintiffs must prove that the challenged Ordinance #21-O-795 imposes a "substantial burden" on their "religious exercise." "For a land use regulation to impose a 'substantial burden,' it must be 'oppressive' to a 'significantly great' extent. That is, a 'substantial burden' on 'religious exercise' must impose a significantly great restriction or onus upon such exercise. *San Jose Christian College v. City of Morgan Hill*, 360 F.3d 1024, 1034–35 (9th Cir. 2004).  As plaintiffs state, a substantial burden is one that is "oppressive to a significantly great extent" and "exists where the governmental authority puts substantial pressure on an adherent to modify his behavior and violate his beliefs."  Plaintiffs' Opposition, p. 20.

Plaintiffs argue that the City is "[f]orcing St. Timothy's to operate its feeding ministry from church property only a few days per week (with a permit)." Plaintiffs' Opposition, p. 20.  In fact, plaintiffs are currently choosing to serve benevolent meals two to three times per

week, on Tuesdays, every other Saturday, and Sundays.  Defendant's Motion to Dismiss, p. 4. As noted above, to the extent plaintiffs' religious exercise requires them to feed the hungry when the need exists, apparently plaintiffs have determined that the need exists at St. Timothy's on Tuesdays, every other Saturday, and Sundays. If, hypothetically, additional needs arise in the future, St. Timothy's can simply walk a few hundred feet away to neighboring churches with benevolent meal service permits and serve meals there, or choose any number of other available options, although this is not a justiciable issue before this court.  The City has adopted now two ordinances to allow St. Timothy's to continue these services.  There is literally no burden on plaintiffs' religious exercise at all, other than the nominal burden of simply submitting an application for a permit, the fees for which are currently waived.

For all these reasons, there is no substantial burden on plaintiffs' religious exercise, and plaintiffs' claim fails.

**D.      Plaintiffs Cannot Prevail Based On A Self-Imposed Burden**

Plaintiffs appear to misread the City's self-imposed burden argument.  The City is not arguing plaintiffs complain about their placement of the church in a residential zone. The City agrees that the church was located in its present location prior to enactment of the City's land use code, and no change of their location is at issue.

However, plaintiffs insist that they must serve benevolent meals, insist that such meals must be served only at St. Timothy's property, and insist that such meals must be served multiple times per week.  Plaintiffs readily admit that nothing in the tenets of their faith impose such requirements.  Plaintiffs readily admit that they could serve free meals to the general public elsewhere, or not at all, entirely consistent with their religious faith, they simply choose not to do so.  Fr. Lindley's service of benevolent meals, at the present location, at the present times and

dates, are his personal preference, not a requirement of his religion. Plaintiffs thus engage in self-imposed burdens relating to the St. Timothy's benevolent meal services. According to the Ninth Circuit, self-imposed burdens such as these must at least be taken into account for purposes of the substantial burden analysis, if not entirely negating plaintiffs' case. *See* Defendant's Motion for Summary Judgment, pp. 23-24.

E.      **City Used Least Restrictive Means for Compelling Government Interest**

It is difficult to make a "least restrictive means" analysis for plaintiffs' challenge to Ordinance #21-O-795 because the ordinance actually *allows* something, benevolent meal services, that is admittedly not otherwise allowed at all in residential zones. Ordinance #21-O-795 thus not only used a "least restrictive means" but actually employed a "permissive means" in its adoption. The City is allowing an activity that plaintiffs could not otherwise lawfully engage in within the residential zones of the City. The City also met and exceeded all other benevolent meal service providers' suggestions and requests for the proposed ordinance language and scope. Under these circumstances, the City certainly met the requirement to use "least restrictive means."

For all the foregoing reasons, Plaintiffs' First Claim for Relief fails.

**MOTION #2: Plaintiffs' First Amendment Free Exercise Claim Essentially Duplicates Plaintiffs' RLUIPA Claim and Fails for the Same Reasons, and Because the Ordinance Serves the Rational and Legitimate Government Purpose of Feeding the Needy**

Defendant City of Brookings relies upon its Motion for Summary Judgment and its Response to Plaintiffs' Motion for Summary Judgment (incorporated by reference herein) for this Motion. As discussed above, there is no dispute that the City adopted the ordinance in order to further public welfare, specifically allowing benevolent meal services to continue, which is a rational basis for the ordinance. The number of days and hours for benevolent meal services

came directly from the benevolent meal service providers themselves. For these reasons, and as described in the City's Motion, plaintiff's second claim for relief fails.

**MOTION #3: Plaintiffs' First Amendment Free Speech and Association Claim Fails Because There Are No Restrictions on Speech or Association in the Ordinance**

Defendant City of Brookings relies upon its Motion for Summary Judgment and its Response to Plaintiffs' Motion for Summary Judgment (incorporated by reference herein) for this Motion. Ordinance #21-O-795 contains no prohibition on association or speech whatsoever. Bishop Akiyama herself admitted that nothing in the ordinance references speech of any type, let alone limits any speech. Furthermore, nothing in the ordinance prohibits gathering of persons or association in any way. The Ordinance *allows* benevolent meal services, the physical act of handing out food for free to the general public, during the times of the day, for the number of hours, and on the days when these meals are presently being served. For these reasons, and as described in the City's Motion, plaintiff's third claim for relief fails.

**MOTION #4: Plaintiffs' Fourteenth Amendment Due Process Claim Based on Overbreadth and Vagueness Fails Because Fr. Lindley Himself Understood the Ordinance, and the Ordinance is Neither Vague nor Overbroad**

Defendant City of Brookings relies upon its Motion for Summary Judgment and its Response to Plaintiffs' Motion for Summary Judgment (incorporated by reference herein) for this Motion. Fr. Lindley admits he understands the ordinance to reference the soup kitchens such as the one operated by St. Timothy's. Plaintiffs' counsel argues that communion could be considered a "benevolent meal service," but communion is not a "meal," it is a holy act of sharing the sacrament of Jesus Christ's body and blood, nor is it served to the general public, rather communion is for baptized Christians and occasionally those persons who are seeking faith in Jesus Christ. Episcopal Book of Common Prayer, pp. 289-295 (Good Books, Inc. 2016). For these reasons, and as described in the City's Motion, plaintiff's fourth claim for relief fails.

**Motion #5: Plaintiffs' State Constitutional Law Claim Based on Article I Sections 2 and 3 Fails For Essentially the Same Reasons as Plaintiffs' Free Exercise Claim**

Defendant City of Brookings relies upon its Motion for Summary Judgment and its Response to Plaintiffs' Motion for Summary Judgment (incorporated by reference herein) for this Motion.

**MOTION #6: Plaintiffs' State Constitutional Law Claim Based on Article I, Section 8 Fails Because Ordinance #21-O-795 Does Not Inhibit Speech In Any Way**

Defendant City of Brookings relies upon its Motion for Summary Judgment and its Response to Plaintiffs' Motion for Summary Judgment (incorporated by reference herein) for this Motion. Plaintiffs' argument that benevolent meal services, i.e. handing out free food to people, is akin to artistic expressive conduct such as nude dancing for purposes of Oregon's Constitution must be rejected.

## II.   CONCLUSION

For all the foregoing reasons, and as stated in Defendant's Motion, all of Plaintiffs' claims fail and the City of Brookings is entitled to entry of judgment in its favor.

DATED: December 15, 2023.

        MILLER NASH, LLP

        By s/Heather J. Van Meter
          Liani J. Reeves, OSB No. 013904
          liani.reeves@millernash.com
          Ed Choi, OSB No. 135673
          ed.choi@millernash.com
          Heather Van Meter, OSB No. 983625
          heather.vanmeter@millernash.com
          Attorneys for Defendant
          City of Brookings

# CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2023 I served the foregoing DEFENDANT CITY OF BROOKINGS' REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT on:

| | |
|---|---|
| Amy Edwards<br>Samantha K. Sondag<br>Rachel Collins<br>Tyler J. Killeen<br>STOEL RIVES LLP<br>760 SW Ninth Ave., Suite 3000<br>Portland, OR 97205<br>amy.edwards@stoel.com<br>samantha.sondag@stoel.com<br>Rachelle.collins@stoel.com<br>tyler.killeen@stoel.com | Walter Fonseca<br>Franz Bruggemeier<br>Oregon Justice Resource Center<br>PO Box 5248<br>Portland, OR 97208<br>wfonseca@ojrc.info<br>fbruggemeier@ojrc.info |
| Michael Jeter<br>Assistant United States Attorney<br>1000 SW Third Avenue, Suite 5000<br>Portland, OR 97204 | Casey Nokes<br>Cable Huston<br>1455 SW Broadway, Suite 1500<br>Portland, OR 97201 |
| Carrie Pagnucco<br>Noah Sacks<br>Max Lapertosa<br>Housing and Civil Enforcement Section, Civil Rights Division<br>US Department of Justice<br>950 Pennsylvania Avenue NW – 4CON<br>Washington, DC 20530 | |

☑   by **electronic** means through the Court's Case Management/Electronic Case File system, which will send automatic notification of filing to each person listed above.

　　　　　　　　　　　　　　　　　　　　s/Heather J. Van Meter
　　　　　　　　　　　　　　　　　　　　Liani J. Reeves, OSB No. 013904
　　　　　　　　　　　　　　　　　　　　Ed Choi, OSB No. 135673
　　　　　　　　　　　　　　　　　　　　Heather Van Meter, OSB No. 983625
　　　　　　　　　　　　　　　　　　　　Attorneys for Defendant City of Brookings

Page 1   CERTIFICATE OF SERVICE