**Amy Edwards**, OSB No. 012492
amy.edwards@stoel.com
**Samantha K. Sondag**, OSB No. 154244
samantha.sondag@stoel.com
**Rachelle D. Collins**, OSB No. 214059
rachelle.collins@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR  97205
Telephone:  503.224.3380

**Walter Fonseca**, OSB No. 136349
wfonseca@ojrc.info
**Franz Bruggemeier**, OSB No. 163533
fbruggemeier@ojrc.info
OREGON JUSTICE RESOURCE CENTER
PO Box 5248
Portland, OR 97208
Telephone: 503.944.2270

        Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| **ST. TIMOTHY'S EPISCOPAL CHURCH**, by and through **THE DIOCESE OF OREGON**, dba **THE EPISCOPAL DIOCESE OF OREGON**, an Oregon nonprofit corporation, and **REVEREND JAMES BERNARD LINDLEY**, vicar of St. Timothy's Episcopal Church,<br><br>                     Plaintiffs,<br><br>        v.<br><br>**CITY OF BROOKINGS**, an Oregon municipal government,<br><br>                     Defendant. | Case No. 1:22-cv-00156-CL<br><br>**PLAINTIFFS' MOTION FOR ATTORNEY FEES AND COSTS** |

   Page 1   -   PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS

**LOCAL RULE 7-1 CERTIFICATION**

Pursuant to LR 7-1(a)(1)(A), counsel for Plaintiffs St. Timothy's Episcopal Church ("St. Timothy's"), by and through The Diocese of Oregon, doing business as The Episcopal Church in Western Oregon ("Diocese"), and Reverand James Bernard Lindley ("Father Bernie," and, collectively, "Plaintiffs"), made a good faith attempt to confer with counsel for Defendant City of Brookings ("Defendant" or "City") regarding this fee petition, but the parties have not resolved this matter.

**MOTION**

Pursuant to FRCP 54(d), LR 54, and 42 U.S.C. § 1988(b), Plaintiffs move for an order awarding Plaintiffs their attorneys' fees and expenses as set forth below, and for costs set forth in its separately filed bill of costs.  This motion is supported by the Declaration of Samantha K. Sondag ("Sondag Decl." or "Sondag Declaration"), the Declaration of Walter Fonseca ("Fonseca Decl." or "Fonseca Declaration"), and the pleadings and records on file.

**MEMORANDUM**

**I.  BACKGROUND**

On October 25, 2021, the City amended its zoning code to limit "benevolent meal services"—defined as the "provi[sion of] food to the public without charge"—to no more than two days per week, three hours per day, in residential zones. *See* March 27, 2024 Opinion & Order, Dkt. No. 94 ("Order") at 8-9.  Both before and after enactment of the amendment, as set forth in Ordinance 21-O-795 (the "Ordinance"), Plaintiffs advised City officials that the amendment substantially burdened their religious exercise. *See, e.g.,* Dkt. No. 55, Ex. E (Tr. at 33:13-16, 36:7-11)); Dkt. No. 71, Exs. 6, 7 (Tr. 13:17-14:7, 16:17-19), 11 (Tr. 38:25-39:9), 13,

122930336.4 0076396-00001

23.[1]  On November 30, 2021, the Diocese sent a letter to the City reiterating Plaintiffs'

comments about the burden imposed by the Ordinance and stated Plaintiffs' intent to sue—and to

seek the attorney fees and costs required to do so—if the City did not rescind or amend the

Ordinance.  Order at 9; *see also* Dkt. No. 44, Ex. 3. The City did not respond to that letter or

amend or rescind the Ordinance.  Order at 9.

Plaintiffs filed their Complaint in January 2022.  Dkt. 1.  After nearly two years of

litigation that included, among other things, a settlement conference, document production,

discovery disputes, depositions, and an abatement notice, the parties filed cross motions for

summary judgment on October 6, 2023. Dkt. Nos. 43, 54.  In the midst of briefing on those

motions (*see* Dkt. Nos. 67, 69, 82, 84), the City filed a motion to dismiss the action based on its

November 2023 amendment to the Ordinance, which Plaintiffs opposed (Dkt. Nos. 75, 78).

On March 27, 2024, the Court issued the Order, which granted Plaintiffs' motion for

summary judgment and denied the City's motion for summary judgment and motion to dismiss.

Judgment entered on May 10, 2024.  Dkt. 97 ("Judgment").

## II.  ARGUMENT

### A.    Legal Standard

Plaintiffs are entitled to recover their reasonable attorney fees and costs incurred in this

litigation.  42 U.S.C. § 1988(b) authorizes an award of fees and costs to the prevailing party "[i]n

any action or proceeding to enforce a provision of [RLUIPA]."  "Because the purpose of

§ 1988(b) is to promote access [to] the courts for [parties] with civil rights claims, prevailing

---

[1]  In late 2023, the City amended the ordinance to limit "benevolent meal services" to
three days per week, two hours per day, in residential zones.  Order at 21-22.  The undisputed
evidence established that the amendment did "not materially change the circumstances of the
case." *Id.* at 22.

122930336.4 0076396-00001

plaintiffs should ordinarily be permitted to recover attorneys' fees." *First Lutheran Church v. City of St. Paul*, No. 18-cv-954-JRT-KMM, 2019 WL 2403200, *2 (D. Minn. June 7, 2019). Accordingly, courts routinely grant plaintiffs who prevail on RLUIPA claims their attorney fees and costs. *See e.g.*, *id*. at *5 (awarding $324,578.96 in attorneys' fees and costs to RLUIPA plaintiff who prevailed on motion for preliminary injunction and subsequently stipulated to dismissal with City); *Chabad Lubavitch of Litchfield Cnty, Inc., et al. v. Borough of Litchfield Connecticut, et al.*, No. 3:09-cv-01419, 2018 WL 2332075, *13 (D. Conn. May 23, 2018) (awarding attorney fees and costs of $717,405.95 to plaintiff who went to trial on RLUIPA claim *after* a 50 percent reduction to account for only partial success); *Grace Church of N. Cnty v. City of San Diego*, No. 07cv0419, 2008 WL 11508664, *19 (S.D. Cal. Sept. 9, 2008) (awarding plaintiff who prevailed on RLUIPA claim following motion for permanent injunction and cross motions for summary judgment $1,000,906.40 in attorney fees and costs, which later resovled for $950,000.00); *World Outreach Conference Ctr. v. City of Chicago*, 234 F. Supp.3d 904, 922 (N.D. Ill. 2017) (awarding $467,973.45 in attorney fees and costs to plaintiff who partially prevailed on RLUIPA claim at summary judgment following 70 percent reduction to account for only partial success).

In assessing a fee petition, the Court considers two factors.  First, the party must be a "prevailing party" to recover.  *Friend v. Kolodzieczak*, 72 F.3d 1386, 1389 (9th Cir. 1995).  If the party prevailed, then the Court considers the reasonableness of the requested fees.  *Id*.

**B.     Plaintiffs Are the Prevailing Parties.**

As the Court already adjudged, Plaintiffs are the prevailing parties.  *See* Judgment at 2. "[A] plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly

Page 4   -   PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS

benefits the plaintiff." *Farrar*, 506 U.S. at 111-12.  To be a "prevailing party," it suffices if the

plaintiff "succeed[s] on *any* significant issue in litigation which achieves some of the benefit the

parties in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (emphasis added).

Here, Plaintiffs succeeded on *the* significant issue in the litigation and obtained *the*

benefit they sought in bringing suit: a ruling that they may exercise their religious beliefs through

St. Timothy's feeding ministry without the substantial burden imposed by the Ordinance, as

originally implemented and then amended.  The Judgment thus "materially alters the legal

relationship between the parties" and forces the City to modify its "behavior in a way that

directly benefits [Plaintiffs]." *Farrar*, 506 U.S. at 111-12.  Plaintiffs are clearly the prevailing

parties and entitled to an award of their reasonable attorney fees and costs.

## C.    Plaintiffs' Requested Fees Are Reasonable.

To determine what constitutes a reasonable fee award, federal courts look to the

"lodestar," which is calculated by "multiplying the number of hours the prevailing party

reasonably expended on the litigation by a reasonable hourly rate." *Camacho v. Bridgeport Fin.,*

*Inc.*, 523 F.3d 973, 978 (9th Cir. 2008); *see also Hensley,* 461 U.S. at 433.  The lodestar

calculation is "presumptively reasonable." *Camacho,* 523 F.3d at 978.  "If opposing counsel

cannot come up with specific reasons for reducing the fee request that the district court finds

persuasive, it should normally grant the award in full, or with no more than a haircut." *Moreno*

*v. City of Sacramento*, 534 F3d 1106, 1112 (9th Cir 2008).

Applying the lodestar calculation here, Plaintiffs are entitled to **$507,795.82** based upon

1,272.50 hours expended throughout the course of this litigation as further detailed herein.  For

the Court's convenience, the fees for time that Stoel Rives seeks to recover for this case are

Page 5   -   PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS

attached as **Exhibit 1** to the Sondag Declaration.  The fees for time that OJRC seeks to recover

for this case are attached as **Exhibit 1** to the Fonseca Declaration.

> **1.      The Rates Charged by Plaintiffs' Legal Team Are Reasonable.**

Reasonable rates are determined by looking at the prevailing rate in the relevant

community for similar work performed by attorneys of comparable skill, experience, and

reputation.  *See Barjon v. Dalton,* 132 F.3d 496, 502 (9th Cir. 1997).  The Court has directed that

it will use the "most recent Oregon State Bar Economic Survey as its initial benchmark" in

determining the reasonable hourly rates.  *See* Practice Tip, LR 54-3, citing "Message From the

Court Regarding Attorney Fee Petitions," on the Court's website.  The hourly rates charged in

the Portland area are relevant here as counsel for both parties are located in downtown Portland.

*Arthur v. Murphy Company,* 10-2142-CL, 2012 WL 3010996, at *6-9 (D. Or. July 23, 2012); *see*

*also Camacho,* 523 F.3d at 979 (if local counsel is unavailable, including because they lack

requisite "experience, expertise, or specialization," then rates from outside forum may be used).

The rates and hours for Plaintiffs' legal team in this case are detailed in the fee table

attached as Exhibit 1 to the Sondag Declaration and are summarized as follows:

| Stoel Rives LLP | | | |
|---|---|---|---|
| **Name** | **Position** | **Rate** | **Hours** |
| Amy Edwards | Partner | $645.00 (Nov. 1, 2021 – Nov. 30, 2022)[2] <br> $685.00 (Dec. 1, 2022 – Nov. 30, 2023) <br> $725.00 (Dec. 1, 2023 - present) | 48.50 |
| Samantha Sondag | Associate | $415.00 (Nov. 1, 2021 – Nov. 30, 2022) <br> $440.00 (Dec. 1, 2022 – Nov. 30, 2023) <br> $495.00 (Dec. 1, 2023 – Dec. 31, 2023) | 526.60 |
| | Partner | $495.00 (Jan. 1, 2024 - present) | 40.20 |

---

[2] Stoel provided an additional discount on its 2021-2022 rates of approximately 11 from
November 1, 2021 through April 30, 2022, as reflected in Exhibit 1 to the Declaration of
Samantha K. Sondag.

122930336.4 0076396-00001

| Rachelle Collins | Associate | $345.00 (Nov. 1, 2021 – Nov. 30, 2022)<br>$365.00 (Dec. 1, 2022 – Nov. 30, 2023)<br>$400.00 (Dec. 1, 2023 – present) | 194.60 |
|---|---|---|---|
| Tyler Killeen | Associate | $420.00 (May 1, 2022 – Nov. 30, 2023)<br>$455.00 (Dec. 1, 2023  March 2024) | 81.10 |
| Brandon Vinsant | Paralegal | $275.00 (Nov. 1, 2021 – Nov. 30, 2022)<br>$290.00 (Dec. 1, 2022 – Nov. 30, 2023)<br>$335.00 (Dec. 1, 2023 - present) | 206.90 |
| Sean Moore | Paralegal | $345.00 (Dec. 1, 2023 – Nov. 30, 2023) | 3.30 |
| | | **TOTAL:** | 1,101.20 |

| *Oregon Justice Resource Center* | | | |
|---|---|---|---|
| **Name** | **Position** | **Rate** | **Hours** |
| Franz Bruggemeier | Attorney | $344 (Jan 2021 – Dec 2021)<br>$373 (Jan 2022 – Dec 2022)<br>$408 (Jan 2023 – Dec 2023) | 118.2 |
| Walter Fonseca | Attorney | $449 (Jan 2022 – Dec 2022)<br>$478 (Jan 2023 – Dec 2023)<br>$492 (Jan 2024 – Present) | 53.1 |
| | | **TOTAL:** | 171.3 |

a.      **Attorney Rates.**

Amy Edwards, Samantha Sondag, Rachelle Collins, Tyler Killeen, Franz Bruggemeier,

and Walter Fonseca are experienced civil litigators, and their rates reasonably reflect their

experience in complex civil disputes. Sondag Decl. ¶¶ 8-13;[3] Fonseca Decl. ¶¶ 3-8, 13, 16-18.[4]

       **(i)      Stoel Rives Rates.**

According to the OSB 2022 Economic Survey, in **2021**, the mean fee rates for

business/corporate litigation was $474 and the 95th percentile was $774, and the mean fee rates

for plaintiff civil litigation was $419 and the 95th percentile was $685, in line with the requested

rates.  Sondag Decl., Ex. 3 at 5.  Except for Ms. Edwards, every attorney who spent time on this

matter was well below the 95th percentile from 2021, and near or below the 2021 mean, for both

categories.  Ms. Edwards' rates were commensurate with attorneys at the 95th percentile in

Portland with over 20 years of experience.  *Id*.  The rates for Ms. Sondag, Ms. Collins, and Mr.

Killeen are also within the mean and 95th percentile for Portland lawyers within their respective

years of practice. [5]  *Id.* at 3 (Table 36).

---

[3] In the engagement agreement for this matter, Stoel Rives agreed to bill Plaintiffs at discounted rates from those set forth herein unless Plaintiffs prevailed in the litigation, in which case Stoel Rives reserved the right to recover their full rates.  Sondag Decl. ¶ 7.  It is appropriate to award attorneys their "market rates" even though they charge a client "reduced rates for public spirited purposes." *Griffin v. Washington Convention Center*, 172 F.Supp.2d 193. 198 (D.C. DC 2001); *see also Save Our Cumberland Mountains, Inc. v. Hodel,* 857 F2d 1516, 1524 (DC Cir 1988) (market rate methodology used in awarding fees applies to those "attorneys who practice privately and for profit but at reduced rates reflecting non-economic goals"); *Strunk v. Pub. Emp. Ret. Bd.*, 343 Or. 226, 245, 169 P.3d 1242 (2007) (allowing counsel that agreed to take "case at a relatively low rate of compensation" to recover attorney fees at market rates).

[4] OJRC has not and will not bill Plaintiffs. OJRC only seeks recovery of fees for time spent on this matter through this petition.

[5] Although the 2022 OSB Survey does not include a 75th percentile, the rates for Ms. Sondag, Ms. Collins, and Mr. Killeen are below the approximation of the 75th percentile for business litigation using calculation adopted by the court in *Owens v. State Farm Fire & Cas. Co*., No. 2:22-cv-00119-HL, 2023 U.S. Dist. LEXIS 104124, at *21 n.4 (D. Or. June 14, 2023), and close to the 75th percentile for attorneys at their same level in Portland.  See Sondag Dec., Ex. 3 at Tables 36 and 37.

122930336.4 0076396-00001

These rates are also consistent with or below rates awarded to Stoel Rives in other recent matters, especially when adjusted for inflation.  *See e.g.*, Sondag Decl., Ex. 4 (attaching *Easterday Dairy, LLC v. Fall Line Capital, LLC, Canyon Farm LLC and Canyon Farm II, LLC*, Morrow County Circuit Court, Case No. 22-CV-19843 (February 15, 2023 order) (awarding fees at rate of $760 per hour to Amy Edwards for work performed in 2022)); *Id.*, Ex. 5 (attaching *Mohabeer v. Farmers Insurance Exchange*, Oregon Court of Appeals Case No. A172057 (September 13, 2022 order) (awarding fees at partner rate of $585 per hour and non-partner rate of $435 per hour for work performed in 2019 through 2022); *Id.*, Ex. 6  (attaching *Strain et al. v. Bussman et al and Bussmann Cranberries LLC*, Coos County Circuit Court No. 20-cv-22959 (May 4, 2022 order) (awarding fees at rate of $550 and $470 per hour, as per the statement of fees (*see* Plaintiffs' Statement for Attorney Fees, Costs, and Disbursements filed March 29, 2022)).

### (ii)     OJRC Rates.

Rates for Walter Fonseca, an attorney with 7-9 years' experience during the period of this case, are based on Table 36 of the 2022 OSB Economic Survey and are adjusted for inflation. Table 36 of the Oregon State Bar Economic Survey documents rates paid to Oregon attorneys, broken down by years of practice experience and geographic location.  Courts in the District of Oregon have approved rates at or above the 75th percentile of the applicable part of Table 36, adjusted for inflation. *See, e.g.*, *Coos Bay RV Invs., Ltd. Liab. Co. v. Wheelhaus Inc.*, No. 3:21-cv-00448-AC, 2022 U.S. Dist. LEXIS 30302, at *7 (D. Or. Feb. 3, 2022) (approving attorney rates at the 75th percentile, adjusted for inflation); *Kathrens v. Bernhardt*, 505 F.Supp.3d 1085, 1092 (D. Or. 2020) (Mosman, J.) (approving rates "right at or somewhat in excess of the inflation-adjusted 75th percentile rates" for plaintiff's-side environmental lawyers); *Brady Mktg.*

Page 9    -    PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS

*Co. v. Kai U.S.A. Ltd.*, No. 3:16-cv-1878-MO, 2018 U.S. Dist. LEXIS 115062, at *7 (D. Or. July

11, 2018) (Mosman, J.) (approving rate north of 95th percentile).

Because the 2022 OSB Economic Survey does not include a 75th percentile, OJRC

calculated Mr. Fonseca's rate by adding the median rate to the 95th percentile rate and dividing

by 2 results in a rate that approximates the 75th percentile. *See Owens*, 2023 U.S. Dist. LEXIS

104124, at *21 n.4 ("The 2022 OSB economic survey does not list the 75th percentile.

Accordingly, this Court will utilize a rate between the mean and 95th percentile.")

Rates for Franz Bruggemeier are set according to a fee award in *Don't Shoot PDX, et al.

v City of Portland,* No3:20-cv-00917-HZ, 2023 WL 6213352, at *4 (D. Or. Sept. 24, 2023)

(Hernandez, J.) (awarding Mr. Bruggemeier fees for work performed between 2020-2022 at a

rate of $373).  For 2023, OJRC utilized the 75th percentile calculation of OSB 2022 Economic

Survey but did not adjust for inflation.  *See* Fonseca Declaration.

**b.    Paralegal Rates.**

Plaintiffs also request reimbursement for the time expended by paralegal Brandon

Vinsant, who was critical to the efficient provision of legal services in this matter.  Paralegal fees

are recoverable under section 1988.  *Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 580 (2008).

Mr. Vinsant is a skilled professional with seven years of experience performing paralegal-level

tasks under the supervision and management of attorneys.  Sondag Decl. ¶ 12.  Plaintiffs are

entitled to recover an award for the time he spent on this matter because the work otherwise

would have been performed by attorneys at higher hourly rates.  Plaintiffs are also entitled to

recover fees for 3.3 hours spent by Sean Moore on this matter.  Mr. Moore is another

experienced Stoel Rives paralegal who provided assistance in Mr. Vinsant's absence.

122930336.4 0076396-00001

**2.      The Time Expended on this Matter Was Reasonable and Necessary.**

In total, Plaintiffs' legal team seeks to recover fees for 1,272.50 hours spent litigating this

matter to date.  Sondag Decl., Ex. 2; Fonseca Decl., Ex. 1.  These hours reflect thoughtful

staffing on a legally complicated case, and an efficient division of work between timekeepers at

different experience levels.  They were spent researching the background facts and relevant law,

drafting the complaint, preparing discovery requests, analyzing discovery responses and

document productions, preparing for and participating in a settlement conference with Judge

Acosta, preparing for and taking five depositions, preparing for and defending two depositions,

briefing discovery and scheduling disputes, briefing and arguing cross motions for summary

judgment, briefing a motion to dismiss, and other matters set forth below and described in the

submitted fee charts.

Any argument that a reduction of the requested fees is warranted because the Court did

not reach the merits of Plaintiffs' constitutional claims should be rejected.  "Litigants in good

faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or

failure to reach certain grounds is not a sufficient reason for reducing the fee.  The result is what

matters.'"  *Grace Church of N. Cnty*, 2008 WL 11508664 at *4 (quoting *DiLaura v. Township of

Ann Arbor*, 471 F.3d 666, 672 (6th Cir. 2006)).  Nor is not proper to reduce fees based on a

"simple ratio of successful claims to claims raised;" rather, where the same "common core of

facts" is involved and the plaintiff obtains the relief sought, full fees are appropriate.  *Id.*  Indeed,

even when a plaintiff is *unsuccessful* on a claim (as opposed to here, where the Court simply did

not reach all of Plaintiffs' claims), there is no automatic fee reduction.  Instead, if the "claims

upon which plaintiff[s] failed to prevail were related to the plaintiff[s'] successful claims," and

the plaintiff obtained "excellent results," then a full attorney fee award is warranted.  *Id*.

Page 11  -   PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS

Here, because all Plaintiffs' claims involved the same set of facts and because Plaintiffs achieved the intended result by prevailing on their RLUIPA claim, it is impermissible to discount time spent on the claims the Court did not reach.

### a.  Billing Discretion.

Plaintiffs' counsel took pains throughout this litigation to ensure the provision of reasonable, efficient legal services.  To that end, counsel has exercised billing discretion to discount over 300 hours spent on this case.  Specifically, Stoel Rives has written off more than 218 hours consisting of attorney time that could be considered redundant or inefficient, as well as administrative staff time.  Sondag Decl. ¶ 3.  In addition, Stoel Rives is not seeking attorney fees for at least 127.2 hours that Ms. Edwards and Ms. Sondag collectively spent on this matter free of charge.  *Id.*  The Stoel Rives fee chart also omits time spent traveling to and from Medford and Brookings.[6]

Similarly, OJRC has exercised discretion over hours for which to bill and has done its level best to eliminate apparent duplicative or repetitive hours, with the understanding that its attorneys still needed to review documents to stay informed and provide competent representation.  Fonseca Decl. ¶ 30.  Further, OJRC has cut 10% across the board as a reduction in their fees.  *Id*.

### b.  Litigation Maneuvers that Required Unusual Investment of Attorney Time.

In addition to the predictably time intensive nature of fact investigation, written discovery, document review and production, depositions, and briefing multiple dispositive motions, certain aggressive stances by the City necessitated unexpected investments of attorney

---

[6] Plaintiffs' counsel traveled to Brookings for fact investigation purposes, but took and defended all depositions of Brookings-based witnesses remotely to save additional expenses that would have been incurred through in-person attendance.  Sondag Decl. ¶ 4.

time.  In particular, the City served St. Timothy's with a mid-litigation "Notice of Abatement" threatening immediate and substantial fines in relation to St. Timothy's meal service and other "social services," and took unreasonable positions with respect to discovery and scheduling.

### (i)    April 2023 Notice of Abatement.

On Friday, April 14, 2023, just two days after the Court extended the discovery deadline per the City's request (Dkt. No. 32), and with no notice to Plaintiffs or Plaintiffs' counsel, the City served St. Timothy's with a Notice of Abatement ("Notice").  Order at 9-10.  The Notice stated that the church was "operating a Benevolent Meal Service without a conditional use permit in addition to a variety of other social services."  *Id.*  It provided St. Timothy's ten days to "abate this violation" and warned that failure to do so "may warrant issuance of a citation and imposition of a civil penalty of up to $720.00," with "[e]ach day's violation constitut[ing] a separate offense."  *Id.* at 10.  The Notice also cautioned that the City "may abate the violation and the cost of the abatement will be charged to [St. Timothy's]."  *Id.*

Plaintiffs' counsel promptly contacted City counsel on April 18, 2023, after receiving and reviewing the Notice.  *Id.* at 10; Sondag Decl., Ex. 7.  Over the next seven days, the parties ultimately negotiated an agreement in which the City would not assess fines for St. Timothy's' operation of its feeding ministry pending a determination on summary judgment in this case.  *Id.*, Ex. 8.  Given the ten-day period set forth in the Notice, however, Plaintiffs were forced to draft a motion for temporary restraining order and preliminary injunction in the interim.  *Id.*

Notably, Plaintiffs are *not* seeking compensation in this fee petition for the hundreds of hours spent by their land use attorneys separately objecting to the Notice's application to St. Timothy's' other "social services."  Sondag Decl. ¶ 3.  As the Court is aware, the City declined to accept that those services fall within St. Timothy's' "church" use and/or that they are

Page 13  -  PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS

part of St. Timothy's de facto conditional use permit.  That matter is now pending before the

Land Use Board of Appeals.[7]  Order at 10.

### (ii)     Discovery and Scheduling Disputes.

In addition to the Notice, the City's positions concerning discovery and scheduling made

typically straightforward stipulated submissions unusually time-consuming.[8]  For example, after

producing requested ESI approximately one month before the close of fact discovery, the City

agreed that an extension of the case schedule was appropriate.  Sondag Decl., Ex. 9.  However,

over several attempted conferrals, the City declined to agree to Plaintiffs' proposed four-month

extension, but also refused to offer any counter-proposal, necessitating the Court's intervention.

*Id*.; *see also* Dkt. Nos. 19, 20.

By way of further example, the City's approach to depositions also added hours to the

case.  As set out in the fee table and submissions to the Court, Plaintiffs were forced to expend

significant time to schedule depositions of City witnesses.  *See, e.g.,* Plfs' April 7, June 27, and

August 11, 2023 submissions.  The City's approach to Plaintiffs' FRCP 30(b)(6) notice is

representative.  After the City declined to produce a witness(es) and objected to City officials

testifying to key issues except in their "personal" capacity, Plaintiffs were forced to submit

multiple letter-briefs to the Court, participate in a status conference, and review four deposition

transcripts to propose designations to stand in lieu of FRCP 30(b)(6) testimony.  *See* Sondag

Decl. Exs. 10, 11; Dkt. No. 37. When the City declined to accept these designations or respond

with counter-designations, yet further Court intervention was required.  *Id*., Ex. 11; Dkt. Nos. 38,

---

[7] Plaintiffs expressly reserve the right to seek their fees and costs as permitted by law as the LUBA matter develops.

[8] In total, the parties submitted 13 letter briefs and several emails to the Court, which Plaintiffs will present at the Court's request.

122930336.4 0076396-00001

40.  The foregoing is a non-exhaustive list of examples of litigation disputes that required time to resolve.  Plaintiffs' responses were reasonable and necessary, and the attorney hours should be compensated in full.

**D.      Plaintiffs Are Entitled to Their Out-of-Pocket Costs.**

Finally, Plaintiffs are also entitled to recover out-of-pocket costs incurred during this litigation.  *See* 42 U.S.C. § 1988(b); *Harris v. Marhoefer,* 24 F.3d 16, 19-20 (9th Cir. 1994).  Under FRCP 54(d)(1) and 28 U.S.C. § 1920, courts may tax as costs filing fees and court reporting fees for transcripts.  Under Section 1988(b), a prevailing party "may recover as part of the award of attorney's fees those out-of-pocket expenses that 'would normally be charged to a fee paying client.'"  *Harris*, 24 F.3d at 19-20.

Plaintiffs have incurred total expenses in the amount of **$22,806.39** in this litigation.  Sondag Decl. ¶¶ 5-6, Ex. 2.  Of these, $8,454.33 are costs recoverable to the prevailing party under FRCP 54(d)(1), and a separate bill of costs for these expenses is being concurrently filed.  The remaining $14,352.06 are additional expenses reasonably incurred and normally charged to clients, including expenses related to collection and production of discovery, fact investigation and hearing attendance, videographer fees for depositions, and stenographer fees for hearing and council meeting transcripts.  These costs and expenses are itemized in Exhibit 2 to the Sondag Declaration.  Accordingly, Plaintiffs request the Court reimburse the expenses incurred during litigation in the total amount of $22,806.39.

## III.  CONCLUSION

For the reasons set forth above, Plaintiffs are entitled to recover fees in the amount of $507,795.82 and costs in the amount of $22,806.39.

DATED: May 23, 2024                    STOEL RIVES LLP

Page 15  -   PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS

*s/ Samantha K. Sondag*
Amy Edwards, OSB No. 012492
amy.edwards@stoel.com
Samantha K. Sondag, OSB No. 154244
samantha.sondag@stoel.com
Rachelle D. Collins, OSB No. 214059
rachelle.collins@stoel.com
Telephone:  503.224.3380

And

OREGON JUSTICE RESOURCE
CENTER
Walter Fonseca, OSB No. 136349
wfonseca@ojrc.info
Franz Bruggemeier, OSB No. 163533
fbruggemeier@ojrc.info
Telephone: 503.944.2270

Attorneys for Plaintiffs

Page 16  -   PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS